**Charles TAULBEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1969.

James E. Shafer, Winchester, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Charles Taulbee appeals from a judgment of conviction of storehouse breaking in contravention of KRS 433.190. The jury fixed his punishment at imprisonment for five years—the maximum permitted under the statute. The sole ground presented for reversal relates to alleged improper closing argument by the prosecuting attorney.

Appellant and his attorney are residents of Clark County. Appellant was charged with theft from a mercantile establishment situated in Estill County. The basis for appellant's complaint on this appeal is found in the following excerpts from the closing argument of the Commonwealth's attorney:

"If you want a Clark County lawyer to come over here to defend a Clark County thief who breaks into and steals from an Estill County place of business, then that is your own business, and if you want that you will find this thief here not guilty.

DEFENDANT BY COUNSEL OBJECTED to the last remarks by the Commonwealth's attorney.

778

THE COURT: I am certain that Mr. Mainous meant no reflection on the attorney, but the jury will consider that his remark meant no reflection on the attorney.

MR. SHAFER (for defendant): If your Honor, please, we are objecting also to certain reflections on the defendant, especially the word 'thief' as used by the attorney.

THE COURT: OVERRULED. The jury will be the judge of whether or not the defendant is a thief. I think a thief merely means one taking property belonging to another. That question is for the jury to decide. I don't think that affects the defendant any. That is a matter for the jury and not for the judge to decide, as to whether or not he stole the merchandise. I am sure Mr. Mainous didn't mean any reflection on the attorney. What he said was that a Clark County attorney, and there is certainly no dishonor in practicing law in Clark County, or in a Clark County lawyer practicing in Estill County. I have known Mr. Shafer over there in Clark County for a long time, and I know that Mr. Shafer is an able Clark County lawyer. There has been no harm done. Go right ahead with your argument, Mr. Mainous.

MR. MAINOUS (continuing argument):

What do we have here? We have an attorney from Winchester representing a client in a case of thieving. He is the man's attorney, just like I am representing the people of the Commonwealth of Kentucky in the prosecution. He is representing his client against a charge of breaking into the storehouse and stealing $1200.00 out of the safe and a record player and ten Westclox watches, along with some silver coins. That is the charge against this client. I don't know what the jury thinks, that is your own business, but I think that is enough. I just hope if the jury turns him loose that he leaves and that he won't be back here in Estill County robbing and stealing from our people over here.

DEFENDANT BY COUNSEL OBJECTED to the Attorney's statements.

MR. SHAFER (for defendant): That is improper, Your Honor, and Mr. Mainous knows that it is.

THE COURT: The jury will disregard the statement. Don't interfere with the argument any more than is necessary, Mr. Shafer. I think we all know the legal ethics, and that we should all practice them in this case. Go ahead, Mr. Mainous.

MR. MAINOUS (continuing): As I stated, when the attorney interrupted me, he won't let me talk, he won't let me tell you my side of the case; he won't let me argue my side of the case. He won't let me proceed when I am trying to talk.

What I thought, or what I think, is not material, because it is clearly obvious that this man is guilty. The Court may turn this man loose, that is for the jury to determine—

DEFENDANT OBJECTS.

THE COURT: There is too much argument between the attorneys about this. Proceed, Mr. Mainous."

When the argument was completed, defense counsel immediately moved the court to set aside the swearing of the jury and continue the case because of the alleged inflammatory remarks in the closing argument of the prosecuting attorney. That motion was overruled.

Our reports are replete with instances in which consideration has been given to complaints against arguments made by prosecutors in criminal cases. In many of the cases, we have found that no prejudicial error occurred even though an improper argument was made. In most instances when this has been the holding, the court has noted that the jury meted less than the maximum penalty. Other cases have adverted to the presumed common sense

of the jury as a bulwark against inordinate reaction to inflammatory remarks. Still other cases have resulted in reversals on the ground that the remarks made by the prosecutor were so inflammatory as to deprive the accused of a fair trial on the issues of guilt and punishment. Many of the cases to which we refer are compiled in 6 Kentucky Digest 2, Criminal Law, ☜1171(1). In 53 Am.Jur., Trial, Section 499, pages 402 and 403, it is written in part:

> "Counsel in argument to the jury should avoid saying anything designed as, or having the effect of, an appeal to the social, class, or sectional prejudices of the jury. * * * Likewise, * * * appeals to local or sectional prejudices, to the self-interest of jurors as taxpayers, * * * are highly improper and are not to be condoned."

■ It seems plain that the prosecutor's reference to the fact that the defendant and his counsel hailed from Clark County and appeared in Estill County could have had no purpose other than to arouse the local or sectional prejudice of the jury. We are not to be understood as accepting appellant's invitation to take judicial notice that "it is a matter of common knowledge and discussion among attorneys, scholars, and many other persons in this state that there is an attitude of prejudice in Eastern Kentucky against 'outsiders.'" We reject that premise as untenable, but we are persuaded that the overall impact of the remarks of the prosecuting attorney, when considered in light of the colloquy between the lawyers and the trial judge, was such as to require reversal of the judgment based on the verdict. It has been observed that the maximum sentence has been imposed by the verdict, and it would be pure speculation for us to ponder what, if any, portion of the punishment stemmed from the improper argument of counsel.

■ It should be observed that a portion of the argument in question has aspects of being an attack on the defense attorney. In 99 A.L.R.2d 508 et seq., appears an annotation on the effect of an attack on opposing counsel during the trial of a criminal case. Among the cases treated in the annotation is Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306, in which this court reversed a manslaughter conviction in which the penalty was fixed at four years, although the possible maximum penalty was much greater. In Goff, the prosecutor was critical of the objections made by defense counsel to the prosecutor's argument. We pointed out that defense counsel has a right and indeed a duty " * * * to use every honorable effort to secure for the defendant a fair trial, * * *." Goff cited many former decisions of the court in which reversals had been necessary because of improper arguments. It is appropriate to restate a portion of the Goff opinion:

> "An attorney for the commonwealth should never forget his high position; should never forget it is his duty to protect the innocent just as much as it is his duty to prosecute the guilty. He represents all the people of the commonwealth, including the defendant; he should in an honorable way use every power that he has, if convinced of the defendant's guilt, to secure his conviction, but should always remember he stands before the jury clad in the official raiment of the commonwealth, and should never become a partisan." Id. 44 S.W.2d 308.

■ The Attorney General concedes that the first portion of the argument might be construed as an appeal to the jury to convict the accused because of his unwise selection of a lawyer from another county and to that extent, at least, the argument was improper and should not have been made. The Attorney General argues that that construction of the argument was cured by the court's comments in which the trial judge expressed his view that the prosecutor had meant no reflection upon the lawyer. We are unable to accept that argument because the inference still re-

mained that the prosecutor was suggesting that the jury should convict the accused because he had an out-of-county lawyer, no matter how honorable that lawyer might be. We commend the zeal of public officials in pursuing their duties, but we must condemn inflammatory and prejudicial arguments of prosecutors when they exceed the bounds of propriety and reason as we consider to be the case here.

The judgment is reversed with directions to afford the appellant a new trial.

All concur.