Theodore MAYNARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 29, 1973.

David Kaplan, Stuart Lyon and Edward T. Brady, Jr., Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

Appellant was convicted of rape and murder of a University of Louisville co-ed and was sentenced to life imprisonment upon each charge, the sentences to run consecutively.

Appellant advances seven assignments of error, only one of which we will review at this time because the record before us is not adequate for a complete disposition of the appeal.

One of the witnesses for the Commonwealth was John Spellman, a detective in the Jefferson County Police Department. His testimony related to the qualification and introduction in evidence of numerous photographs and his previous experience with a police informer who was later used as a Commonwealth's witness, which experience tended to establish the credibility of the informant. He also testified that the appellant was arrested as a result of information supplied by the informer and he gave a detailed account of the circumstances which accompanied the arrest of the appellant.

Prior to any cross-examination of this witness counsel for appellant, pursuant to RCr 7.26, moved for the production of any statement or document signed by the witness which related to the subject matter of his testimony. The officer acknowledged that he had signed a five-page written report of his investigation of the case.

The court refused to order the production of the report and counsel for appellant proceeded to cross-examine the officer without benefit of any information that might have been disclosed in the report.

RCr 7.26 provides as follows:

"(1) After a witness called by the Commonwealth has testified on direct examination the court shall, on motion of the defendant, order the Commonwealth to produce any statement of the witness in the form of a document or recording in its possession which relates to the subject matter of the witness' testimony and which (a) has been signed or initialled by him or (b) is or purports to be a substantially verbatim statement made by him. Such statement shall be made available for examination and use by the defendant.

"(2) If the Commonwealth claims that any statement ordered to be produced under this Rule does not relate to the subject matter of the witness' testimony, the court shall examine the statement privately and, before making it available for examination and use by the defendant, excise the portions that do not so relate. The entire text of the statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal by the defendant.

"(3) The Commonwealth may elect not to comply with an order of the court under this Rule, and may withhold from examination and use by the defendant any witness' statement or portion thereof, but in such event the court, on motion of the defendant, shall strike the testimony of the witness or, if justice so requires, declare a mistrial. (Adoption of RCr 7.26 effective January 1, 1965)"

The colloquy between court and counsel in which counsel for appellant attempted to invoke RCr 7.26 was as follows:

"MR. KAPLAN: I have requested that if any of his testimony has been reduced to writing or if he has made memos to his Captain as good procedure dic-

tates, I would like to read the memos and his notations before I examine him.

"MR. OUSLEY: If counsel will read the rules of criminal procedure which I will get for him if he hasn't got them, he is not entitled to any investigative report of the Louisville Police Department.

"MR. LYON: Anything favorable to the accused we are entitled to have.

"MR. OUSLEY: I'm standing on the rules. If there's any question, we'll get them. You apparently haven't read them.

"MR. KAPLAN: You haven't read them or you have misinterpreted them. I'm entitled to any notes he has written to his Captain pertaining to the results of his investigation. I think it's rule 7.-52.

"THE COURT: Anything that may exculpate him.

"MR. LYON: Anything favorable to the defendant.

"THE COURT: That's what I said.

"MR. KAPLAN: This is what I'm talking about, 7.26.

"MR. OUSLEY: And here is what I'm talking about.

"MR. KAPLAN: I'm relying on rule 7.26.

"MR. OUSLEY: 7.22 is the discovery and inspection. You can read that.

"MR. KAPLAN: Can I have it?

"MR. OUSLEY: Yes. If that's not as plain as it can be.

"MR. KAPLAN: Talk about being plain, 7.26, demand for production of a statement, after a witness called for the Commonwealth had testified on direct examination, the Court shall on motion of the defendant order the Commonwealth to produce any statement of the witness in the form of a document or recording relating to the subject matter of the witness' testimony.

"MR. OUSLEY: If you made any statement and signed it, you would be entitled to it.

"MR. KAPLAN: You're not listening to me. If he made a statement to his Captain and initialled it and signed it, under the rule I think I am entitled to it. If you don't produce it, then we can move to strike the testimony of the witness and we will move to strike this testimony.

"MR. OUSLEY: If he was an ordinary witness, yes.

"MR. LYON: Under the Giles case and Brady case, we are entitled to it.

"THE COURT: Overrule the motion.

"MR. LYON: Let the record show that the Commonwealth is withholding evidence from the defendant that could be *helpful* to his case.

"THE COURT: You say that's helpful to his case. You don't know that, Mr. Lyon.

"MR. LYON: I think we have a right to find out.

"MR. KAPLAN: I'm requesting that you allow me to see it.

"MR. LYON: Under rule 7.26, paragraph 2, we ask that the entire text of this be preserved and filed in the record of the Court and made available to the Appellate Court in the event of an appeal for the defendant. This is right in there under part 2. We ask that all this matter be sealed in the event there is an appeal. * * *."

We think counsel for appellant properly moved for the production of the statement and preserved for review the alleged error in the denial of the motion.

RCr 7.22 relates to discovery and inspection and specifically excepts from *pretrial*

discovery or inspection reports made by police officers in connection with their investigation of a crime. RCr 7.26 which governs production *at the trial* of statements or reports of witnesses contains no such exception.

The right of a defendant to examine prior written statements and reports of a witness concerning matters about which the witness has testified was recognized in Jencks v. U. S., 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1956). The purpose of this examination is to permit the defendant to discover any possible inconsistencies between the testimony at trial and the previous reports and statements and to cross-examine the witness with regard thereto. Such cross-examination might, in some cases, vitally impair the credibility of the witness.

■ RCr 7.26 is our procedural counterpart of the Jencks act. 18 U.S.C. Section 3500. We have held that when a Commonwealth's witness has made a statement which has been reduced to writing, the defendant is entitled to have it produced in the manner provided by RCr 7.26. Lynch v. Commonwealth, Ky., 472 S.W.2d 263 (1971). The rule applies with equal force to investigative reports of police officers. If the testimony of a police officer differs from or is contradicted by a previous report made by him, that fact is important to the defendant and he is entitled to cross-examine the witness about the discrepancy.

The failure of the trial judge to compel the production of the report was clearly error. LeGrande v. Commonwealth, Ky., 494 S.W. 726 (Decided May 4, 1973). RCr 9.24 provides however that errors which do not affect substantial rights shall be disregarded. We must therefore determine whether the error was prejudicial.

The appellant was prejudiced if as a result of the error, he was denied access to information which, had he possessed it, would have enabled him to contradict or impeach the witness or establish some other fact which might reasonably have altered the verdict.

■ The trial judge did not require the production of the report nor did he require it to be made a part of the trial record. We are therefore uncertain as to the contents of the report. An attempt was made to supplement the record on appeal with a document furnished to the circuit court clerk of Jefferson County by the Jefferson County Police Department which purports to be the investigative report in question but this document is not certified and the circuit court clerk calls attention to the fact that the document supplied was not a part of the official record of the trial. The document supplied cannot be considered by us for it may or may not be the report which Officer Spellman testified about and it may or may not be the only written report which he made.

■ There is some authority that only the defendant can determine what use he might have made of the report had it been produced. Jencks v. United States, supra. Accordingly it could be argued that under these circumstances we should presume prejudice from the error and direct a new trial.

The conviction of the defendant resulted from a lengthy trial. The expense and inconvenience occasioned by a new trial would be great and the difficulties encountered in reassembling witnesses sometimes make a new trial impossible. There is also the possibility here that the production of the police report would not have assisted the appellant in the least.

In view of all these circumstances we have decided to remand the case to the Jefferson Circuit Court for a determination of whether the appellant was prejudiced by the failure to order production of the report. The Jefferson Circuit Court is directed to hold a hearing at which appellant and his counsel shall be present and the Commonwealth shall be ordered to pro-

duce for inspection by appellant any statement or document signed or initialled by the witness John Spellman or which purports to be a substantially verbatim statement made by him which relates to the subject matter of his testimony at the trial and which was in the possession of the Commonwealth at that time, subject to the limitations of RCr 7.26(2)(3).

After inspection and examination of any documents so produced, the appellant shall be given an opportunity to demonstrate in what manner, if any, he was actually prejudiced by the failure of the court to order the production of the document or documents at the trial. The court shall then make a determination of whether the appellant was prejudiced. The entire proceeding shall be transcribed and the transcript thereof and the findings of the court shall be certified by the Jefferson Circuit Court Clerk and forwarded to this court as a supplemental transcript of record. Upon receipt of the supplemental transcript this court will then proceed with the disposition of this appeal.

The case is remanded for further proceedings in conformity with this opinion.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.