Charles **ROACH**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

<hr>

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Charles Roach was found guilty of illegally selling dangerous narcotic drugs. KRS 217.731(2). He was sentenced to serve two years in the penitentiary. From a judgment entered on a jury verdict Roach appeals.

Detective William Cline, the principal witness for the Commonwealth, testified that he had purchased narcotic drugs from Roach. While Cline was on the witness stand, he had in his possession 35 pages of notes and, as he testified, he referred to some of the pages. At the close of the direct examination defense counsel requested that Cline turn over to him for examination the 35 pages of notes. The Commonwealth agreed to turn over the pages to which, it said, Cline had referred, and the court denied the motion except to that extent. Appellant, relying upon RCr 7.26, claims that the trial court committed reversible error in denying the motion.[1]

Four cases discussing RCr 7.26 have been called to our attention. The earliest case is Lynch v. Commonwealth, Ky., 472 S.W.2d 263 (1971), in which we said,

"RCr 7.26 does mean what it says. It is our procedural counterpart of the Jencks Act, 18 U.S.C. § 3500. If a Commonwealth witness has made a statement that has been reduced to writing, the de-

---

1. RCr 7.26 is copied in full in Maynard v. Commonwealth, Ky., 497 S.W.2d 567 (1973).

fendant is entitled to have it produced in the manner provided by the Rule."

In Pankey v. Commonwealth, Ky., 485 S.W.2d 513 (1972), at page 521, we noted that after a motion was made by defense counsel pursuant to RCr 7.26, he was furnished with " * * * the only signed statement of the witness in its files." We said,

> "There was no showing that the Commonwealth had in its possession any signed or substantially verbatim statement of the witness other than the one furnished. The failure to require production of police reports not purporting to contain substantially verbatim statements of the witness was not erroneous."

Next came Le Grande v. Commonwealth, Ky., 494 S.W.2d 726 (1973), in which "LeGrande's counsel moved under RCr 7.26 that the notes, reports and tapes prepared by Officer McCubbin be produced for examination." The trial court denied the motion. Thereafter, Officer Collins testified and again defense counsel made the same motion, which was denied. We reversed and pointed out that while RCr 7.24, which applies to pretrial discovery, contains an exclusion which does not authorize discovery of investigation reports made by police officers, there is no such exclusion in RCr 7.26. We noted that " * * * RCr 7.26 * * * relates to discovery, after a witness called by the commonwealth has testified, of documents or recordings relating to the subject matter of the witness' testimony."

In Maynard v. Commonwealth, Ky., 497 S.W.2d 567 (1973), we held that RCr 7.26 applies to "investigative reports of police officers." In remanding the case we directed that the trial judge order the Commonwealth " * * * to produce for inspection by appellant any statement or document signed or initialled by the witness John Spellman or which purports to be a substantially verbatim statement made by him which relates to the subject matter of his testimony at the trial and which was in the possession of the Commonwealth at that time, subject to the limitations of RCr 7.26(2)(3)." We held that prejudice, if any, could then be demonstrated. Cf. Hayes v. United States (CCA8), 329 F.2d 209 (1964), cert. denied, 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748; Matthews v. United States (CCA5), 407 F.2d 1371 (1969).

RCr 7.26 was enacted for the purpose of enabling defense counsel to adequately cross-examine a witness appearing for the prosecution and to disclose any existing contradictory statements. Cf. Commonwealth v. Jackson, Ky., 281 S.W.2d 891 (1955). Here, the trial court erred in not examining those pages which the officer had before him when he testified, which the Commonwealth was unwilling to exhibit to Roach's lawyer. That would have enabled the court to determine which ones, if any, fell within that rule. Directing the officer to surrender only those pages which he referred to did not meet the requirement of RCr 7.26. The papers embraced by RCr 7.26(1) should have been disclosed to Roach's lawyer and the remainder handled in the manner directed by RCr 7.26(2). Cf. United States v. Covello (CCA2), 410 F.2d 536 (1969).

Because of the failure of the trial court to follow RCr 7.26, the judgment is vacated and we remand the case for further proceedings under the plan we fashioned in Maynard v. Commonwealth, supra, except that forwarding a supplemental transcript of the record is not directed. If the court finds that the appellant was prejudiced, a new trial shall be granted. If no prejudice is determined, the judgment of conviction shall be reinstated, subject to the right of Roach to have appellate review. Hohnke v. Commonwealth, Ky., 451 S.W.2d 162 (1970).

All concur.