Clarence Larry GASTON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Feb. 20, 1976.

Rose Levada Shipp, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

The appellant, Clarence Larry Gaston, was found guilty on two counts of illegally trafficking in heroin and sentenced to seven

years' imprisonment on each count, to run concurrently. The crime in question is denounced by KRS 218A.010(19), 218A.050(2) and 218A.140,[1] and the limits of the penalty are fixed by KRS 218A.990(1).

We are not convinced that any prejudicial error occurred in the trial of the case unless it resulted from the trial court's refusal to require production of a document in accordance with RCr 7.26.

 RCr 7.26, effective January 1, 1965, was prompted by the federal "Jencks" Act, 18 U.S.C. § 3500. *Lynch v. Commonwealth*, Ky., 472 S.W.2d 263, 267 (1971). It entitles a defendant to see and interrogate a Commonwealth's witness about any statement he has made in the form of (a) a writing signed or initialed by him or (b) a writing or some other type of recording that is or purports to be a substantially verbatim record of what he said; so long as it relates to the testimony he has given from the witness-stand. See *LeGrande v. Commonwealth*, Ky., 494 S.W.2d 726, 728 (1973); *Maynard v. Commonwealth*, Ky., 497 S.W. 2d 567 (1973); *Roach v. Commonwealth*, Ky., 507 S.W.2d 154 (1974). It makes no difference whether the witness has used the statement to refresh his recollection. It need only exist, and if (a) it is either *signed or initialed* by him or (b) it is or purports to be a *verbatim record* of what he said, then to the extent that it relates to his testimony it comes within the rule.

In this case the statement in question was in the form of a memorandum (which he called an "evidence letter") made by a police officer. In accordance with standard procedure, he had submitted the letter to his superior officer, following which it was placed in an envelope. The envelope was then signed by the officer and sealed. In our opinion there can be no question that the signature of the author on the envelope brings the letter within the rule if it relates to the testimony given by the officer. The trial court denied defense counsel's motion to have it produced for inspection. Thus it could not be put in by way of avowal, so it cannot be determined from the record whether it relates to the officer's testimony and, if so, whether the error was prejudicial.

In conformity with the procedure directed in *Roach v. Commonwealth*, Ky., 507 S.W.2d 154, 155 (1974), the judgment is vacated and the cause is remanded for further proceedings to determine whether the contents of the "evidence letter" prepared by officer Downs were such that the denial of appellant's right of inspection and use under RCr 7.26 was prejudicial. If it be so found by the trial court, the appellant is granted a new trial. If it is found not to have been prejudicial, the judgment may be reinstated subject to further review by this court.

All concur.

---

1. This information ought to appear on the face of the indictment, as required by RCr 6.10(3). Failure to include it, as in this instance, is at best slothful practice and at worst might very well amount to reversible error.