Clarence Larry GASTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 28, 1977.

---

1. Bacon, Francis—of Revenge.

Nicholas W. Carlin, Rose Levada Shipp, Louisville, for appellant.

Richard Cooper, Asst. Commonwealth Atty., Louisville, Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

In *Gaston v. Commonwealth*, Ky., 533 S.W.2d 533 (1976), the judgment of the trial court in this case was vacated and the cause was remanded for determination of whether the contents of an "evidence letter" prepared by a police officer following his arrest of the appellant was such that the denial of his RCr 7.26 right to inspect and use it was prejudicial. The trial court thereupon conducted a hearing, concluded that the denial was not prejudicial, and reinstated the judgment. The appellant now brings the matter to this court in the form of a "Memorandum on Hearing on Remand from Supreme Court of Kentucky."

It is evident that some confusion exists with respect to the procedural manner in which an order reinstating the judgment following a remand should be brought under appellate review.

Our opinion in 533 S.W.2d 533 cited "the procedure directed in *Roach v. Commonwealth*, Ky., 507 S.W.2d 154, 155 (1974)," and concluded with this sentence:

"If it is found not to have been prejudicial, the judgment may be reinstated subject to further review by this court."

By "further review" we had in mind an appeal from the order reinstating the judgment, the remedy of appeal being the usual method of obtaining an appellate review. However, the *Roach* opinion refers back to "the plan we fashioned in *Maynard v. Commonwealth*," Ky., 497 S.W.2d 567 (1973), in which it was directed that a record of the supplemental proceedings in the trial court be forwarded to this court for further proceedings disposing of the appeal on its merits. Neither *Maynard* nor *Roach* undertook to pass on the claims of error asserted by the respective appellants other than denial of the RCr 7.26 right to inspect pretrial statements made by a witness. Thus it was necessary for the pending appeal to proceed to a conclusion in the event the trial court, upon remand, held the denial to be nonprejudicial. This created a hybrid situation in which the appeal was still hanging in this court while the trial court had the RCr 7.26 question under consideration. In this case, however, our first opinion (533 S.W. at p. 534) expressly stated that all other claims of error had been resolved against the appellant. Hence there was nothing left but the RCr 7.26 question, and upon reinstatement of the judgment the proper remedy for the appellant was to appeal from the

order of reinstatement. Nonetheless, acknowledging the procedural uncertainty induced by the combination of *Maynard, Roach* and our first opinion in this case, we shall treat as proper the manner in which the appellant has proceeded.

█ In future cases, unless the appellate opinion clearly specifies otherwise, the final order of a trial court following a remand should be brought up for appellate review by an appeal from that order. If the appellate opinion has not resolved other questions raised on the original appeal, they need not be rebriefed and will not be considered as waived. Moreover, in perfecting the second appeal the appellant in a criminal case shall not be required to comply with RAP 1.070(a)(3).

In the supplemental proceeding before the trial court it developed that the original "evidence letter" handwritten by the police officer had been copied on a typewriter by a secretary in the narcotics unit, and it was this typewritten copy, rather than the handwritten original, that was contained in the envelope on which the officer had placed his signature. According to the officer, he delivered the handwritten report to his supervisor, who then turned it over to the secretary for typing. The officer did not know exactly when the typewritten copy was made, but he said that his standard procedure was to read the typewritten copy and make sure that it conformed to what he had written. He testified that it was this typewritten copy that he had in hand when he appeared as a witness in the appellant's trial. Apparently the handwritten original had been destroyed, though we cannot be entirely sure, since counsel did not pursue the inquiry to the point of determining exactly what actually or probably did happen to the original. In any event, there is no probative evidence in the record from which it could be found that the original exists now or existed at the time of the trial, nor is there any evidence that the contents of the typewritten copy do not substantially conform to the original.

In his testimony at the trial the officer made no mention of the typing and checking process, and his superior officer testified that it was his custom to place the evidence envelopes in a safe right after they were turned in by the officer. At the supplemental hearing the officer testified that it was the typewritten copy rather than the original that was placed in the envelope and handed to his superior.

For some strange reason the typewritten copy or copies, though received as exhibits in the supplemental hearing, have not been included with the supplemental record filed with this court. Be that as it may, there is no contention that the contents of the typewritten material suggest any prejudice resulting from its nondisclosure at the trial.

Appellant argues that the Commonwealth has failed to comply with this court's directive that the original report be produced for inspection, and that since the original evidently is no longer available the judgment should be reversed with directions that the prosecution be dismissed. This would indeed be a masterpiece of prestidigitation, proving the hand quicker than the eye.

█ We agree with counsel for appellant that some aura of suspicion arises from the imprecise way in which the evidence letter is described as having been handled. It should be recognized, however, that there is no principle of law telling a police department what it must or must not do with records of this kind. In fact, it is not compelled to keep them at all. Not until a motion is made under RCr 7.26 does a defendant become entitled to see the witness's statement, and he can be so entitled only if the statement is still in existence. At that point, and only at that point, the right of the police department to do with it as it will ceases.

█ Here we have no substantial showing that the handwritten original of the evidence letter actually existed at the time the officer testified. Hence it cannot be said that the appellant was entitled to see it. That ends the case.

The judgment is affirmed.

All concur.