**Sherman M. WRIGHT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Aug. 31, 1982.

Larry Cleveland, Young & Cleveland, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Frankfort, for appellee.

## OPINION AND ORDER

This appeal is taken from a judgment of the Court of Appeals prohibiting Hon. Henry Meigs, II, as Judge of the Circuit Court for the 48th Judicial Circuit, from enforcing an RCr 7.26 order entered by him in a criminal proceeding directing the Commonwealth to produce for inspection by the defendant Sherman M. Wright any pretrial statements made by either of his codefendants or any other persons whom the Commonwealth expects to call as witnesses.

Before September 1, 1981, RCr 7.26(1) provided that after a witness called by the Commonwealth has testified on direct examination the Commonwealth shall be required on the defendant's motion to produce any relevant document or recording theretofore signed or initialled by the witness or which is or purports to be a substantially verbatim statement made by him. Effective September 1, 1981, the first sentence of this paragraph was amended to begin with the words, "Before a witness called by the Commonwealth testifies," rather than "After a witness called by the Commonwealth has testified," etc.

This modification was adopted by the court in response to a recommendation by a special committee of the Judicial Council that RCr 7.26 be deleted in favor of a proposed discovery rule similar to Rule 422 of the Uniform Rules of Criminal Procedure. Its objective—modest indeed when compared with the proposed rule—was to allow defense counsel a reasonable opportunity to inspect previous statements made by a prosecution witness without interrupting the trial in order to do so. Though it may be that in a technical sense a witness is not "called" until a bailiff calls him to the witness stand, we think the common-sense construction of the rule is the one given to it by the trial court in this instance, which is that if the Commonwealth intends to use a witness and the defense seeks access to his recorded statements it is within the trial court's sound discretion whether to allow it prior to the trial, subject of course to the limitations provided in RCr 7.26(1) and (2). *Moore v. Commonwealth*, Ky., 634 S.W.2d 426, 431 (1982), in which the question arose under the rule before it was amended, is not applicable.

The judgment of the Court of Appeals granting prohibition is reversed with directions that the petition be dismissed.

All concur.

ENTERED August 31, 1982.

/s/ John S. Palmore
Chief Justice