**Christopher Lynn HICKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–CA–750–MR.**

Court of Appeals of Kentucky.

Dec. 7, 1990.

Discretionary Review Denied by Supreme Court April 3, 1991.

Christopher L. Hicks, La Grange, pro se.

Frederic J. Cowan, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, HOWARD and REYNOLDS, JJ.

REYNOLDS, Judge.

This is an appeal from a judgment of McCracken Circuit Court convicting appellant of complicity to second-degree arson and of first-degree wanton endangerment for which he was sentenced to ten years' imprisonment.

Appellant, Christopher Lynn Hicks, was indicted on one count of complicity to second-degree arson, one count of burning personal property to defraud an insurer, and one count of first-degree wanton endangerment. The indictment charged an accomplice, David Lynn Crayton, with second-degree arson and with first-degree wanton endangerment. Appellant was alleged to have conspired with Crayton on September 9, 1986, to burn a building known as Club Cabana, a nightclub business operated by appellant in Paducah, Kentucky. Separate trials were granted. Appellant's case was tried first and the jury returned a verdict finding appellant guilty of complicity to second-degree arson, and guilty of first-degree wanton endangerment. A verdict of not guilty of attempted burning of personal property to defraud an insurer was returned.

In this appeal, appellant presents seven assignments of error. He first contends that the trial court erred by overruling a motion for a change of venue and to empanel a new jury. Basis for the motion was the fact that the jury panel that was chosen to try him was drawn from the same pool of jurors that had previously convicted the co-indictee, David Crayton, on a charge of growing marijuana. Appellant further alleges that the trial court abused its discretion in failing to strike certain jurors for cause even though they indicated that they could possibly be biased against appellant and his attorney.

There can be no doubt that in a criminal prosecution, a defendant has the right to a trial by an impartial and unbiased jury. *Butler v. Commonwealth, Dept. of Highways*, Ky., 387 S.W.2d 867 (1965). This right is guaranteed by the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment and is further guaranteed by § 11 of the Kentucky Constitution. RCr 9.36(1) also provides: "When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, he shall be excused as not qualified."

Normally, bias and impartiality are determined on voir dire. Jurors may then be dismissed for cause or on peremptory challenges. A trial court is vested with a certain amount of discretion in determining whether a prospective juror shall be permitted to serve on a particular jury. Absent an abuse of that discretion, the trial court's determination will not be reversed on appeal. *Scruggs v. Commonwealth*, Ky., 566 S.W.2d 405 (1978); *Jones v. Com-*

*monwealth*, Ky.App., 737 S.W.2d 466 (1987). To obtain a reversal of a judgment based on failure of a trial court to grant a challenge for cause, prejudice from the failure to strike the challenged juror must be shown. Prejudice is not demonstrated unless the party challenging the juror is forced to exercise all of his peremptory challenges. *Commonwealth, Dept. of Highways v. Ginsburg*, Ky., 516 S.W.2d 868 (1974); *Rigsby v. Commonwealth*, Ky., 495 S.W.2d 795 (1973).

Herein, appellant claims he was denied a fair trial by an impartial jury because even after he had used all peremptory challenges to strike some of the jurors he thought were personally biased against him or his attorney, the jury panel still contained three jurors that he felt were prejudiced against him. He asserts that at least some of these biased jurors should have been struck for cause by the trial court. We do not agree.

■ Bias and preconceived ideas must be adequately proven by the party alleging it and cannot be presumed. *Caldwell v. Commonwealth*, Ky., 634 S.W.2d 405 (1982); *Watson v. Commonwealth*, Ky., 433 S.W.2d 884 (1968). Such biases and prejudices may be as a result of a connection to the case, parties or attorneys and must be determined by the trial court based on the particular facts of each case. *Randolph v. Commonwealth*, Ky., 716 S.W.2d 253 (1986); *Tayloe v. Commonwealth*, Ky., 335 S.W.2d 556 (1960).

■ Even where jurors disclaim any bias and state that they can give the defendant a fair trial, conditions may be such that their connection would probably subconsciously affect their decision in the case. *Randolph v. Commonwealth, supra.* To empanel a totally unbiased jury, it is vital in a criminal prosecution that any and all doubts as to the competency of a juror be resolved in favor of the defendant. *Randolph v. Commonwealth, supra; Godsey v. Commonwealth*, Ky.App., 661 S.W.2d 2 (1983).

■ Upon review we cannot find where appellant has shown actual or implied bias or prejudice resulting from the failure of the trial court to strike the challenged jurors for cause. There is a void of evidence to demonstrate prejudice to his substantial rights to a fair and impartial trial. To hold that the mere existence of a possible preconceived bias as to appellant's co-indictee Crayton, is by itself, without more, insufficient to rebut the presumption of prospective jurors' fairness and impartiality.

All of the challenged jurors that were not struck for cause by the trial court indicated during voir dire that they could set aside any possible notions or biases and render a fair and impartial decision. It is always sufficient if such jurors can lay aside their preconceived biases, impressions and opinions and render a verdict based solely on the evidence presented in court. *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Peters v. Commonwealth*, Ky., 505 S.W.2d 764 (1974). We specifically find *no* error in the failure of the court to excuse juror Hussman for cause even though she stated that she had taken offense to some of the comments made by appellant's trial counsel during voir dire. Her answers to other questions demonstrated that she could render a fair and impartial decision. Therefore, under the facts presented in this case, we do not find that the rulings made by the trial court with respect to excusing the challenged jurors to be an abuse of discretion. We further conclude that since voir dire examination did not provide any evidence of a clear and substantial bias by the prospective jurors against appellant because of his connection with co-indictee Crayton, the court's decision to overrule appellant's motion for a change of venue and to empanel a new jury was not clearly erroneous.

■ Next, appellant argues that the trial court erred by overruling his motion for a directed verdict of acquittal based on the fact that there was insufficient evidence to convict him of complicity to second-degree arson. He asserts that in order to find him guilty of this offense according to the instructions submitted to the jury, the jury had to believe "that David Crayton started the fire intentionally" at the Club Cabana

building. Appellant claims that the Commonwealth, however, failed to prove this particular element of the offense beyond a reasonable doubt at trial.

We are not required to address the specific merits of this issue since our review of the record indicates that it was not preserved for review. While the record reflects the fact that appellant did move for a directed verdict at both the close of the Commonwealth's case and at the close of all the evidence, in both instances, he merely asserted that there was insufficient evidence as to each and every charge pending against him to submit the case to the jury. No specific mention was made concerning a lack of evidence as to any particular element of any of the charges including a claim of insufficient evidence that Crayton started the fire intentionally under the complicity to second-degree arson count. The record further demonstrates that when given an opportunity by the trial court to present objections to the proposed jury instructions tendered by the Commonwealth and ultimately adopted by the court, appellant's counsel failed to voice any complaint to the instruction on the complicity charge. The trial court was never given an opportunity to address the question of whether there was a lack of evidence on this particular element of the offense. Therefore, since no specific objection was made by appellant to the element in either of his motions for a directed verdict or in his objections to the jury instructions, it may not be raised for the first time on appellate review. *Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988); *McDonald v. Commonwealth*, Ky., 554 S.W.2d 84 (1977).

In appellant's third assignment of error, he states that the trial court erred in failing to require the Commonwealth to produce the statements of two of its witnesses, Mark Hobbs and Darold Edwards. He specifically alleges that the Commonwealth failed to provide him with any of the statements made by Hobbs and produced a prior written statement of Edwards in an untimely fashion only after Edwards had already testified on direct examination. Appellant contends that this failure to produce the witness statements constitutes a

violation of Criminal Rule 7.26 and requests that this Court vacate his convictions and remand the case for a new trial.

In this case, the Commonwealth had adopted an "open file" policy which allowed the appellant and his counsel to have full access to all of the state's evidence relevant to the case. Thereby, through this policy of open file discovery, the Commonwealth had apparently provided appellant with all or practically all evidence of the case except for one ten page statement written by Mr. Edwards before the trial. At a pretrial hearing the Commonwealth agreed to furnish this statement to the defendant at trial just before Edwards was called to testify. However, for some inexplicable reason, this statement was not provided to appellant until after Edwards had already taken the stand and testified on direct examination. Appellant's counsel before cross-examination of Edwards, made a motion for a mistrial, based at least in part on the failure of the Commonwealth to timely produce written statements of Hobbs and Edwards. The trial court overruled this motion.

RCr 7.26(1) provides that before a witness called by the Commonwealth testifies the attorney for the Commonwealth shall produce and provide the defendant with any relevant recorded statements of the witness. This rule was enacted for the purpose of allowing defense counsel a reasonable opportunity to inspect any such previous statements, before the witness is called, to enable counsel an opportunity to fully cross-examine the witness concerning any contradictory statements made by him. *Wright v. Commonwealth*, Ky., 637 S.W.2d 635 (1982); *Commonwealth v. Jackson*, Ky., 281 S.W.2d 891 (1955).

Turning to the facts here we find no evidence to indicate that the Commonwealth failed to produce for the appellant's inspection any statements given by Mark Hobbs. It clearly appears that every statement made by Hobbs was furnished before trial except for some personal interview notes made by the prosecutor which were not discoverable.

However, we do conclude that the failure of the Commonwealth to provide appellant the written statement of Darold Edwards before he was called to testify was clearly error. The trial court also committed error (RCr 7.26) in not compelling the production of such statement. We note that the Commonwealth's conduct also amounted to a violation of its announced "open file" policy. When the state agrees to maintain such an "open file" policy, thereby disclosing its evidence and theories to the defendant, it is obligated to adhere to that agreement. *See United States v. Atisha*, 804 F.2d 920 (6th Cir.1986); *Barnett v. Commonwealth*, Ky., 763 S.W.2d 119 (1988).

■ While it is clear that the Commonwealth failed to comply with RCr 7.26 and broke its open file discovery agreement with appellant, we must still decide the question of whether this conduct along with the trial court's erroneous failure to compel production of Edwards' statement before he was called to testify entitles the appellant to relief. In *Maynard v. Commonwealth*, Ky., 497 S.W.2d 567 (1973), a case involving a similar error, the court stated:

> RCr 9.24 provides however that errors which do not affect substantial rights shall be disregarded. We must therefore determine whether the error was prejudicial.

> The appellant was prejudiced if as a result of the error, he was denied access to information which, had he possessed it, would have enabled him to contradict or impeach the witness or establish some other fact which might reasonably have altered the verdict.

Failure to comply with RCr 7.26 does not require automatic and absolute reversal. *See Roach v. Commonwealth*, Ky., 507 S.W.2d 154 (1974); *McRay v. Commonwealth*, Ky.App., 675 S.W.2d 397 (1984). Some prejudice must be found; otherwise, the error, if any, is harmless. RCr 9.24. We think this rule is equally true for a failure to comply with an open file discovery agreement. *See United States v. Atisha, supra; Barnett v. Commonwealth, supra.*

Here, we find no obvious prejudice to the defendant's case because of the Commonwealth's failure to fully comply with RCr 7.26 in providing Edwards' statement. While it was not furnished before the direct examination of Edwards, it was produced before his cross-examination by defense counsel. The trial court permitted defense counsel time to examine the statement in order to prepare himself for cross-examination. Moreover, we note that counsel did in fact utilize the statement apparently fully and effectively during his cross-examination of Edwards. While we do recognize that the record does contain a slight intimation that the Commonwealth, by its conduct in failing to timely produce the statement, was attempting to suppress or secret this evidence, such proof is not substantial or compelling. Appellant has not demonstrated prejudice caused by the failure to provide the statement before the direct examination of Edwards or specified how such a timely delivery of the evidence might have reasonably altered the verdict. In this case the failure of the Commonwealth to comply with RCr 7.26 does not constitute reversible error. Furthermore, even though the Commonwealth's conduct also violated its open file policy, we do not believe that the trial court abused its discretion by refusing to enter an appropriate sanction, or to grant appellant's motion for a mistrial.

■ For his fourth argument, appellant states that the trial court erred by overruling his motion for a directed verdict on the first-degree wanton endangerment count even though there was insufficient evidence to support the charge. The indictment on this count charged appellant with applying an accelerant and disabling the fire alarm system at the Club Cabana building. Appellant argues that the Commonwealth failed to prove either one of these two elements at trial. Thus, he claims, based on this failure to meet its burden of proof he was entitled to a directed verdict on the charge. On a motion for a directed verdict, with the evidence viewed in the light most favorable to the Commonwealth, if the totality of the evidence is

such that the trial judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient and the case should be submitted to the jury. *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983). Meanwhile, on appellate review of a ruling on a motion for a directed verdict, the standard is whether if under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, then he is not entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill, supra; Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977); *Hopewell v. Commonwealth*, Ky.App., 687 S.W.2d 153 (1985).

The instruction submitted to the jury on the first-degree wanton endangerment charge stated that in order to find appellant guilty of the offense it must find beyond a reasonable doubt that he conspired with Crayton to apply an accelerant to the Club Cabana building or to disable the fire alarm systems at the building and that he thereby wantonly created a substantial danger of death or serious physical injury to patrons, band members, or employees and that under these circumstances his conduct manifested an extreme indifference to the value of human life. *See*, KRS 508.060. From the evidence, we hold it was clearly sufficient to support a conviction on this charge. Accordingly, the verdict of the jury was not unreasonable and the trial court correctly overruled appellant's motions for directed verdict.

 Next, appellant contends the trial court erred by admitting into evidence a garden type sprayer and some pieces of yarn which the Commonwealth claimed were both used to start the fire in the attic of the Club Cabana. Appellant asserts that there was no evidence to link the sprayer and yarn, which were discovered and confiscated during a search of the home of David Crayton, with the fire at the nightclub or to appellant personally. Therefore, he claims the introduction of these items of evidence constituted a violation of his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process under the United States Constitution. Before demonstrative evidence can be introduced and admitted into evidence the offering party must establish that the evidence is linked by time, place, or circumstance with the commission of a criminal offense. Lawson, *The Kentucky Evidence Law Handbook*, § 12.00. The proof must show when and where the evidence was found, and in whose possession it had been since it was found. It should also appear from the evidence that it was found at a time and place furnishing reasonable ground to connect it in some way with the crime. The proof need not positively show the connection, but there must be proof rendering the inference reasonable or probable from its nearness in time and place or other circumstances. *Tarrence v. Commonwealth*, Ky., 265 S.W.2d 40 (1953); *Higgins v. Commonwealth*, 142 Ky. 647, 134 S.W. 1135 (1911).

 We hold that the trial court acted properly in admitting the sprayer and the pieces of yarn into evidence for they were linked by time and place and other circumstances to the crimes for which appellant was charged. These items were found at the home of appellant's co-indictee, David Crayton, who was clearly and substantially linked to both appellant and the various criminal offenses. The record further indicates that a type of flammable liquid, such as turpentine, was sprayed or applied in the attic of the Club Cabana the night of the fire. Turpentine residue was found in the sprayer when confiscated by the police. Evidence also shows there were four separate fires in the attic which were likely connected by pieces of string or yarn. Hence, the totality of the evidence demonstrates a sufficient enough link between the sprayer and yarn to the commission of the crimes for which appellant was charged as to allow the admission of the items into evidence. Appellant further complains that the sprayer and yarn were only entered into evidence by the Commonwealth to prejudice and inflame the jury against him so that they would convict him based on pure speculation. We, however, do not agree that the admission of these items was prejudicial in this instance, for there was nothing particularly inflammatory about the sprayer and yarn which was calculated to unduly impress or influence the

jury so as to convict on insufficient evidence. We find no reversible error.

Appellant's sixth assignment of error is that the trial court abused its discretion by placing a time limit on the length of the trial and thereby denied him an opportunity to call a witness which was material to his defense. Appellant claims he was not given adequate time by the court to prepare the witness, attorney, Cindy Sanderson, who apparently was to be called to impeach the earlier testimony of one of the Commonwealth's chief witnesses. In further support of this contention, appellant cites various instances throughout the trial where the judge allegedly put a time limit on the trial.

█ A trial court clearly has the power to impose reasonable time limits on the trial of both civil and criminal cases in the exercise of its reasonable discretion. *See, United States v. Reaves*, 636 F.Supp. 1575 (E.D.Ky.1986). As long as these trial time limits are not arbitrary or unreasonable we will not disturb the court's decision on review. In the case at bar, while it is clear that throughout the trial the judge strongly encouraged the parties to make the most efficient use of their time to present their cases, we do not find the supposed time limits instituted by the court to be arbitrary or an abuse of its discretion. Concerning witness Sanderson, the court gave appellant's counsel a ten minute recess to prepare her to testify. When counsel requested additional time to prepare, the court stated that the witness would either have to be called immediately or the case would have to be continued to the following week. After appellant's counsel responded that he was not asking for a continuance but merely for more time to prepare the witness, the trial court ruled that appellant had thereby rested his case. Therefore, we fail to see how appellant was denied any right to a fair trial or to present witnesses in his behalf or prejudiced in any other way.

█ Lastly, appellant contends that he was substantially prejudiced and denied a fair trial as a result of various acts of misconduct by the prosecutor which occurred throughout his trial. We do not agree.

It is a fundamental precept of law that a prosecuting attorney must conduct himself with due regard to the proprieties of his office and to see that the legal rights of the accused, as well as those of the Commonwealth, are protected. *Bowling v. Commonwealth*, Ky., 279 S.W.2d 23 (1955). Therefore, while a Commonwealth's attorney should, in an honorable way, use every power he has, if convinced of the defendant's guilt, to prosecute and secure his conviction, he should never forget his obligation to see that the accused receives a fair trial in accordance with the law and that truth and right prevail. *See Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 218 (1976); *Taulbee v. Commonwealth*, Ky., 438 S.W.2d 777 (1969); *Bowling v. Commonwealth, supra.* Appellant specifically points to the fact that the prosecutor refused to timely produce the written statements of various witnesses despite his motion to do so, that the prosecution presented objectionable questions and then withdrew them upon an objection being made and that the prosecutor inferred appellant's trial counsel was trying to hide something from the court.

A prosecutor may not deliberately inject into the case an issue prejudicial to the rights of the defendant without some reasonable basis for raising the issue. *Rowe v. Commonwealth*, Ky., 269 S.W.2d 247 (1954); *Taylor v. Commonwealth*, 269 Ky. 656, 108 S.W.2d 645 (1937). Also, any inflammatory and prejudicial arguments or statements by prosecutors are to be condemned when they exceed the bounds of propriety and reason. *See, Taulbee v. Commonwealth, supra.* We nevertheless conclude that any such improprieties did not unduly affect the fairness or outcome of the case, and as a result, would constitute harmless error. *See,* RCr 9.24.

The judgment of the circuit court is affirmed.

All concur.