STATE OF HAWAII, Plaintiff-Appellant, v. CHRIS-
TOPHER JOSEPH DALY, Defendant-Appellee

NO. 8542

(CRIMINAL NO. 56313)

FEBRUARY 25, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

The grand jury charged defendant Christopher Joseph Daly with fraudulent use of a credit card in violation of Hawaii Revised Statutes (HRS) §§ 851-4(2)[1] and 851-10(b)[2] (Supp.

---

[1] § 851-4 Fraudulent use of credit cards, etc., penalties. A person, who, with intent to defraud the issuer, a person or organization providing money, goods, services, or anything else of value, or any other person, . . . (2) obtains or attempts or conspires to obtain money, goods, services, or anything else of value by representing without the consent of the cardholder that he is the holder of a specified card or by representing that he is the holder of a card and such card has not in fact been issued, violates this section and is subject to the penalties set forth in subsection 851-10(a), if the value of all

1982). The trial court granted defendant's motion to dismiss the indictment on the ground that it failed to allege an essential element of the charged offense. The State appeals. We reverse.

The evidence presented to the grand jury shows the following facts. On August 11, 1981, Darrell M. Egeland discovered that his wallet, including all of his credit cards, was missing. On August 12, 1981, defendant presented without Egeland's permission an American Express credit card issued in Egeland's name to a sales clerk at Liberty House and sought to obtain goods exceeding $300 in value through the use of the card. Defendant was arrested and indicted as follows:

> On or about the 12th day of August, 1981, in the City and County of Honolulu, State of Hawaii, CHRIS-TOPHER JOSEPH DALY, with intent to defraud the issuer, a person or organization providing money, goods, services or anything else of value or any other person, did obtain or attempt or conspire to obtain money, goods, services or anything else of value, by representing without the consent of Darrell M. Egeland that he is the holder of the credit card, to wit, American Express Credit Card, issued to Darrell M. Egeland, and the value of all money, goods, services, and other things of value so obtained or attempted to be obtained exceeds One Hundred Dollars ($100.00), thereby committing the offense of Fraudulent Use of Credit Card in violation of Sections 851-4(2) and 851-10(b) of the Hawaii Revised Statutes.

The State contends that the indictment is legally sufficient. We agree.

---

money, goods, services, and other things of value obtained or attempted to be obtained in violation of this section does not exceed $100 in any six-month period; and is subject to the penalties set forth in subsection 851-10(b), if such value exceeds $100 *in any six-month period.* [Emphasis added.]

[2] § 851-10 Penalties. . . .
   (b) A person who is subject to the penalties of this subsection shall be guilty of a class C felony.

I.

Defendant claims that (1) an indictment must "sufficiently allege all of the essential elements of the offense charged," *State v. Jendrusch,* 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977); (2) the indictment failed to allege the six-month period involved, which is an essential element of the HRS § 851-4(2) felony offense; and (3) consequently it violates the notice requirement of section 14[3] and the double jeopardy bar of section 10[4] of article I of the Hawaii State Constitution.[5]

The criteria utilized to measure the sufficiency of an indictment is set forth in *Russell v. United States,* 369 U.S. 749, 763-64, 82 S. Ct. 1038, 1047, 8 L.Ed.2d 240, 250-51 (1962),[6] as follows:

These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence,

---

[3] Section 14 provides in relevant part:

In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; . . . .

[4] On November 4, 1981, the filing date of the indictment, section 10 read in pertinent part:

No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . nor shall any person be subject for the same offense to be twice put in jeopardy; . . . .

In 1982, the legislature adopted a proposed amendment to section 10, which was approved by the electorate in the general election. The amendment provides, in part, "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury or upon a finding of probable cause after a preliminary hearing held as provided by law."

[5] Daly also claims that the indictment violates his due process guarantee under the fifth and fourteenth amendments of the United States Constitution. In *State v. Kane,* 3 Haw. App. ___, 652 P.2d 642 (1982), we noted that the fifth amendment right to grand jury indictment does not apply to state proceedings under the due process clause of the fourteenth amendment.

[6] In *State v. Kane, supra,* we suggested a third criterion — the defendant's right to a grand jury indictment. The "indictment must be specific enough to ensure that the grand jury had before it all the facts necessary to find probable cause." *Id.* 3 Haw. App. at ___, 652 P.2d at 647.

whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre v. United States,* 157 U.S. 286, 290; *Rosen v. United States,* 161 U.S. 29, 34." [Citations omitted.]

Other than claiming that the indictment is defective for its failure to allege the "six-month period" involved, defendant concedes that it contains the elements of the offense charged and apprises him of what he must be prepared to meet. His objection is directed to the lack of specificity to protect him against future jeopardy for the same offense. *See Carvalho v. Olim,* 55 Haw. 336, 519 P.2d 892 (1974).

We read HRS § 851-4(2) to mean that a defendant must be charged with all of the fraudulent uses of a credit card in any six-month period in one count of an indictment or complaint. If the aggregate value of the "money, goods, services, and other things of value obtained or attempted to be obtained" exceeds $100 during such six-month period, he is subject to a felony charge. However, if the dates on which the card is fraudulently used are more than six months apart, the offenses, obviously, cannot be included in the same count of an indictment.

For the foregoing reason, an HRS § 851-4(2) felony indictment must clearly show that the offense charged covers a six-month period of time. However, this essential element need not be expressed with the magic words "in any six-month period." For example, allegations that an offense occurred on a specified date or two dates within the same month clearly indicate that such offense took place within a six-month period.

In the case at bar, defendant engaged in the unauthorized use of Egeland's American Express credit card on August 12, 1981. Under such circumstances, the use of the bald words "in any six-month period" would have added nothing to the indictment. The use of the words "in the six-month period from February 12, 1981 through August 12, 1981" would have confused rather than enlightened the defendant. Further, the use of the words "in the six-month period from August 12, 1981 through February 12, 1982" would have been ridiculous since the indictment was filed on November 4, 1981. Neither HRS § 851-4(2) nor public policy mandates the State to wait six months after August 12, 1981 before obtaining an indictment

against defendant.

We hold that from the allegation, "[o]n or about the 12th day of August, 1981," the reasonable and only inference is that the offense charged is within "any six-month period." *See State v. Tuua,* 3 Haw. App. 287, 649 P.2d 1180 (1982). The indictment meets the criterion of containing the offense intended to be charged and sufficiently apprising Daly of what he must be prepared to defend.

Daly argues, however, that the indictment lacks specificity as to the six-month period involved to enable him to raise a prior jeopardy defense in a subsequent prosecution.

The double jeopardy criterion is met since the indictment sets out the date, place and the specific credit card involved in the alleged offense. Furthermore, defendant will be able to rely upon other parts of the record of the entire proceeding in the event there is a subsequent prosecution based on the same credit card. *See Russell v. United States, supra;* Note, *Indictment Sufficiency,* 70 Colum. L. Rev. 876 (1970). As the State concedes in its brief, the six-month period is fixed in relation to August 12, 1981, the date alleged in the indictment — both six months preceding and six months following such date. Just as penal statutes are strictly construed in favor of defendants, *State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977) (citing *State v. Rackle,* 55 Haw. 531, 523 P.2d 299 (1974)), any doubt as to the commencement date of the "six-month period" will be construed in favor of defendant. Thus, in this case, defendant has available the double jeopardy defense against any charge based on the same credit card for a period covering a full year.

II.

Citing *State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1978), defendant argues that (1) under HRS § 851-4(2), the offense to be charged may be either a misdemeanor or a felony; (2) if a felony is to be charged, the factor enhancing the penalty, namely, that the value of the goods *exceeds $100 in any six-month period,* must be alleged; (3) the indictment failed to allege that the offense occurred in a *six-month period;* and (4) thus the indictment is defective. We do not agree.

The crucial factor that enhances the penalty from that of a

misdemeanor to a felony is that the value of the goods exceeds $100. The utility of the six-month period is (1) to cumulate the number of fraudulent uses of the same credit card and aggregate the value of the goods during such period to permit a felony charge and (2) to limit the charge for such fraudulent uses during such period to a single offense.

The indictment was legally sufficient and the trial court erred in dismissing the same.

Reversed and remanded.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Isaac Keahi Smith,* Deputy Public Defender (*Arthur K. Trask, Jr.* on the brief), for defendant-appellee.