COMMONWEALTH of
Kentucky, Movant,

v.

Timothy Eugene BASS, Respondent.

No. 88–SC–700–DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

Frederic J. Cowan, Atty. Gen., Frankfort, C. Lloyd Vest, II, Asst. Atty. Gen., for movant.

William E. Johnson, Richard M. Guarnieri, Frankfort, for respondent.

GANT, Justice.

Respondent Timothy Eugene Bass operated an ambulance service in Christian County between April, 1985, and June, 1986, in which capacity he was an authorized provider of services to the Kentucky Medical Assistance Program (KMAP). Under the pertinent regulations, respondent was required to submit a claim form for each service, setting out all the details of the services provided. These details included name of the recipient, type of trip, mileage, base charges, certification that recipient's condition necessitated the trip, identification of driver and vehicle, certification that all statements on the claim form were true, complete and accurate, etc.

As a result of an investigation by the Kentucky Medicaid Fraud and Abuse Control Division, respondent was indicted by the Franklin County Grand Jury for 16 counts. The first count charged a violation of KRS 194.505(6), a Class C felony when the sum collected is $10,000 or more. That statute reads:

> (6) No person shall with intent to defraud or deceive, devise a scheme or plan a scheme or artifice to obtain benefits from any assistance program by means of false or fraudulent representations or intentionally engage in conduct which advances the scheme or artifice.

Respondent was further indicted for 15 additional counts, being numbered Counts II through XVI, for violation of KRS 205.850(4), these being one count for each month during which claims were filed for services fraudulently certified. Each of these counts constituted a Class D felony under KRS 205.990(5).

KRS 205.850(4) reads:

> (4) No person shall make, present, or cause to be made or presented to an employe or officer of the cabinet any false, fictitious or fraudulent statement, representation or entry in any application, claim, report or document used in determining rights to any benefit or payment or the extent of such entitlement to any benefit or payment, knowing such application, claim, report or document to contain any false, fictitious or fraudulent information; ...

The investigation allegedly disclosed that respondent presented or caused to be presented to KMAP approximately 1,600 fraudulent claims, each of which was for $100 or more, and had fraudulently received approximately $160,000 based upon these claims.

In early July, 1988, about six days before trial, respondent moved to dismiss Counts III–XVI of the indictment on the grounds that KRS 205.990(5) requires consolidation of all fraudulent claims into one claim; that the counts were multiplicitous, and that conviction would result in double jeopardy. This motion was sustained by the Franklin Circuit Court, and this case comes to us on appeal. Review is granted under KRS 22A.020(4) because the action of the trial court has adversely affected an issue which is vital to the Commonwealth. *See Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978).

The test which must be applied is found in both statutory and case law. KRS 505.020 provides: "(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense."

The trial court found that the dismissed counts fell under the exception to the above-quoted Paragraph (1) found in (1)(c), which states:

> (c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, *unless the law expressly provides that specific*

*periods of such conduct constitute separate offenses.*

It is our opinion that KRS 205.990(5) clearly provides for separate offenses. This statute reads:

Any person who violates Subsection (4) of KRS 205.850 shall be guilty of a Class A misdemeanor unless the sum total of benefits or payments claimed in *any such application, claim, report or document,* or in any combination or aggregation thereof, is valued at one hundred dollars ($100) or more, in which case *it* shall be a Class D felony. (Emphasis ours.)

Thus, *each* claim which is of an aggregate amount of $100 or more is a Class D felony, and we do not feel that basing the counts in the indictment on the monthly statement is erroneous. The respondent herein can hardly complain when there are less counts in the indictment than the pertinent statutes might possibly permit.

The applicable case law also permits separate prosecutions. KRS 505.020 has been described by this court as a codification of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That case sets out that the test is whether individual acts are prohibited or the course of action and conduct which they constitute. We cannot find that the legislature intended the same punishment for one fraudulent claim of $100 as it did for 1,600 such claims amounting to $160,000. *See also Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

The July 8, 1988 order of the Franklin Circuit Court consolidating Counts II through XVI into one count is hereby set aside, and this case is remanded to said court with directions to restore the original indictment to the docket to be set for trial on all counts.

STEPHENS, C.J., and LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents and files a separate dissenting opinion.

VANCE, J., dissents without opinion.

COMBS, J., not sitting.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

We should affirm the Order of the Court of Appeals denying the Commonwealth's Motion for Intermediate Relief for two reasons, one procedural and one substantive.

Procedurally, the interlocutory appeals statute, KRS 22A.020(4), is erroneously applied here. It is limited to matters "vital to the Commonwealth's case (*Eaton v. Commonwealth,* Ky., 562 S.W.2d 637 (1978))." The issue here does not fit this description because the dismissal of the charges in Counts 3–16 has no effect on the trial of the remaining Counts, 1 and 2. Although the trial court's Order used ambiguous language, stating both dismissal and consolidation, the Commonwealth is under *no obligation* at the forthcoming trial to prove any more than the April incident for conviction on the two remaining counts, the Class D felony charged under KRS 205.850 and a "scheme or plan" to defraud Class C felony charged under KRS 194.505.

There is no reason for an interlocutory appeal because the defendant may still be tried on the remaining counts now dismissed by new indictment if we were to hold (as we have) on Certification of Law that they were improperly dismissed.

The interlocutory appeal statute is directed at orders related to trial of the offense charged, not reinstatement of charges dismissed.

Although I would not agree that this is a proper case for Writ of Prohibition, if the Commonwealth believes, as it claims, that dismissal was irreparable injury, it should have proceeded by seeking a Writ of Prohibition against the trial court's Order of Dismissal. The trial court was not proceeding outside of its jurisdiction, but such a Writ, not the interlocutory appeal statute, is also an appropriate remedy where a trial court proceeding within its jurisdiction causes irreparable injury, and there is no adequate, remedy by appeal. *Crawley v. Kunzman,* Ky., 585 S.W.2d 387 (1979);

*Buise v. Barklage,* 314 Ky. 308, 234 S.W.2d 959 (1950).

The substantive issue in this case is whether the dismissal was proper. Since we choose to address it, on the record before us we should affirm the trial court. The statutory language in KRS 205.990(5), which is the heart of this issue, includes "or in any combination or aggregation thereof." This suggests that, where multiple acts occur in furtherance of a single scheme, the statute intends to punish a "course of conduct" rather than individual acts. *Cf. United States v. Universal C.I.T. Credit Corporation,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952), wherein the United States Supreme Court facing a problem similar to the present situation stated:

> "[P]enal statutes ... like all other writing should be given, insofar as the language permits a commonsensical meaning." 344 U.S. at 222, 73 S.Ct. at 230.

The issue is, does the phrase, "or in any combination or aggregation thereof," refer to the word "payments" or "application" in the preceding phrase. Under the rule of "lenity" that we are suppose to apply in the interpretation of penal statutes, if the statute is ambiguous, it should be interpreted in the defendant's favor. *Boulder v. Commonwealth,* Ky., 610 S.W.2d 615 (1980).

Finally, turning to the right of the trial court to dismiss Count 5 in a multiple count indictment, we should follow the federal practice. This extends to the trial court the right to dismiss some among several separate counts in an indictment before trial in those cases where the trial court believes there is a multiplicity of charges. This implicates no double jeopardy issue. If the trial court is correct, the trial court should not be required to waste judicial time, and money, trying multiple counts when it has decided that such counts are improper. On the other hand, if the trial court improperly decides to try multiple charges which involve double jeopardy, because this problem falls under the "multiple punishments" prong of the double jeopardy principle, the error is subject to adequate remedy by appeal. If the trial court fails to dismiss multiple charges which involve double jeopardy, excessive charges are subject to dismissal on appeal after conviction.

If the Majority Opinion in this case is correct, there is no reason why the Commonwealth can not try this defendant on 1,600 separate counts. I do not think this is what the General Assembly had in mind.