**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jean CAUDILL, Appellee.**

**No. 89–CA–002662–MR.**

Court of Appeals of Kentucky.

Jan. 25, 1991.

Discretionary Review Denied by Supreme Court Aug. 21, 1991.

Frederic J. Cowan, Atty. Gen., Frank V. Benton, III, Asst. Atty. Gen., Ft. Thomas, for appellant.

Harry P. Hellings, Jr., Dean A. Pisacano, Covington, for appellee.

Before DYCHE, EMBERTON and HAYES, JJ.

EMBERTON, Judge:

The appellee, Jean Caudill, was indicted on April 28, 1989, for the felony offense of theft by failure to make required disposition of property over $100, in violation of KRS 514.070.[1] The trial court dismissed the indictment holding that the amounts allegedly stolen on each day constituted separate offenses, each under $100, but permitted the Commonwealth to recharge appellee on a series of misdemeanors. The Commonwealth appeals.

This case is, using its generic term, essentially one of embezzlement.[2] It is alleged that the appellee, in her capacity as Deputy Campbell County Clerk, issued and renewed driver's licenses to citizens, kept for her personal use the $8.00 fee collected, and then destroyed all records of the transaction. The "scheme" became apparent to authorities after they received complaints by citizens that, although they had procured valid driver's licenses, Frankfort had no such records. The alleged offense occurred from October 1983 through August 1984. The Commonwealth concedes that

---

1. 514.070 provides that (1) A person is guilty of theft by failure to make required disposition of property received when: (a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his own property to be reserved in equivalent amount; and (b) He intentionally deals with the property as his own and fails to make the required payment or disposition. (2) The provision of subsection (1) apply notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the actor's failure to make the required payment or disposition. (3) An officer or employee of the government or of a financial institution is presumed: (a) To know

any legal obligation relevant to his criminal liability under this section; and (b) To have dealt with the property as his own when: 1. He fails to account or pay upon lawful demand; or 2. An audit reveals a shortage or falsification of accounts. (4) Theft by failure to make required disposition of property received is a Class A misdemeanor unless the value of the property is $100.00 or more, in which case it is a Class D felony.

2. Embezzlement of property entrusted to a person for delivery is specifically identified in the commentary to KRS 514.070 as an included offense.

there is no proof that on any single day that appellee took money exceeding $100 but alleges the total taken was approximately $2,700 and that the offense is properly classified as a Class D felony.

The single issue presented is simply whether each alleged theft can be aggregated so as to charge appellee with a felony or each offense must be considered as a separate misdemeanor offense.[3] We hold that under the facts of this case the individual acts can be aggregated and reverse the trial court.

Appellee cites the Court to *Nichols v. Commonwealth*, 78 Ky. 180 (1879), wherein the court enunciated the "same place, same time" rule. In *Nichols*, and repeatedly affirmed by our courts, it was held that where several items of property are stolen at the same time and place there is but a single offense. *Fair v. Commonwealth*, Ky., 652 S.W.2d 864 (1983). However, we are not persuaded by appellee's inverse logic that because the property was not taken at the same time and place, the multiple acts of alleged theft cannot constitute a single offense. Where the offense alleged is a series of successive takings, we believe the view expressed in *Weaver v. Commonwealth*, 27 Ky.L.Rptr. 743, 86 S.W. 551 (1905), is applicable:

> If the taking was at one time, then the value of all articles taken at that time could be added together in estimating the degree of the offense. Or if the articles were taken by appellant [defendant] as the result of a single purpose or impulse, though the asportation was at intervals to better suit his convenience, the degree of the offense will not be lessened by the fact that he could not or did not carry away all the articles at one load.

The court further stated:

> The nature of the transaction must determine whether the offense was one, or whether it was a series of offenses.

While *Weaver* was rendered prior to the adoption of the Penal Code and KRS 514.-070, we find its rationale applicable to the case at bar.[4]

The allegations made by the Commonwealth in this case, if believed, certainly form a basis upon which a jury could reasonably conclude that appellee had a single continuous criminal intent and that each theft was part of a general larcenous scheme, to wit, to issue or renew licenses, "pocket" the fee, and destroy all records of the transaction, all for the single criminal purpose of embezzlement.

Under the facts of this case, we reverse the trial court and remand the case for reinstatement of the indictment.

HAYES, J., concurs.

DYCHE, J., dissents.

---

**3.** The Commonwealth maintains that it is effectively barred by the one-year statute of limitations from bringing misdemeanor charges.

**4.** The view in *Weaver* appears to have been adopted by a majority of jurisdictions. See 53 ALR 3rd 398.