**Jerry D. SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 90–CA–002126–MR.**

Court of Appeals of Kentucky.

Nov. 1, 1991.

Bruce P. Hackett, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen. and Michael L. Harned, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and STUMBO, JJ.

HUDDLESTON, Judge.

This is an appeal from a conviction of Theft by Deception of Property Valued at $100.00 or More entered pursuant to a conditional plea of guilty. The sole issue on appeal concerns the aggregation of individual thefts to meet the statutory amount ($100.00) necessary for a felony charge.

Jerry Smith worked as a new customer sales specialist for William P. Reily and Company, doing business as Standard Coffee Service. He was hired to call upon potential customers in order to secure contracts whereby Standard would provide coffee brewing equipment and the customer would purchase Standard's coffee and related supplies. Each order was signed by Smith and the contract was submitted to Standard's New Orleans offices along with a "Weekly New Business Report." Based on this report, Smith would receive his commissions and reimbursements for expenses.

On November 14, 1989, Smith was indicted under KRS 514.040 [1], a Class D Felony, based on forty-five bogus contracts submitted between April, 1989, and September, 1989. The deception resulted in the pay-

---

1. KRS 514.040 provides, in pertinent part, that:
   (1) A person is guilty of theft by deception when he obtains property or services of another by deception with intent to deprive him thereof. A person deceives when he intentionally:
   (a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;

   (b) Prevents another from acquiring information which would affect his judgment of a transaction;
   (c) Fails to correct a false impression which the deceiver previously created or reinforced or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship; ....

ment by Standard of $2,160.00 in commissions and $480.00 in expenses.

On July 18, 1990, a hearing was conducted at which Smith argued that since each individual commission was less than $100.00, he should only have been charged with misdemeanor thefts. The trial court did not agree and Smith's motion to dismiss was denied.

On July 20, 1990, Smith entered a conditional plea of guilty under RCr 8.09:

> With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

The sentence recommended by the Commonwealth was one year and there was no objection to probation. Smith received a one-year sentence, probated for five years conditioned on payment of $2,640.00 in restitution and service of thirty days in the Jefferson County Jail.

On appeal, Smith cites KRS 505.020 [2] and argues that since each commission was for $50.00 or $60.00, he should only have been charged with individual misdemeanors.

This case is governed by the same principles as those in *Commonwealth v. Caudill*, Ky.App., 812 S.W.2d 158 (1991). In that case, a deputy county clerk issued and renewed driver's licenses to citizens, but retained the $8.00 fee for her personal use while destroying all records of the transaction. This scheme occurred over an eleven-month period, resulting in approximately $2,700.00 being unlawfully taken. The clerk was charged with violating KRS 514.-070, Theft by Failure to Make Required Disposition of Property Valued at $100.00 or More, a Class D Felony. The trial court dismissed the indictment, holding that the amounts allegedly stolen each day constituted separate offenses, each under $100.00, but permitted the clerk to be charged with a series of misdemeanors. On appeal, this Court held that the reasoning in *Weaver v. Commonwealth*, 27 Ky. L.Rptr. 743, 86 S.W. 551 (1905), operated to permit the aggregation of each theft in order to charge the deputy clerk with a felony.

In *Weaver*, 86 S.W. at 552, Kentucky's high court looked to the nature of the transaction and held that "if the articles were taken by the appellant as the result of a single purpose or impulse, although the asportation was at intervals to better suit his convenience, the degree of the offense will not be lessened by the fact that he could not or did not carry away all the articles at one load." The rule in *Weaver* was applied even though it was rendered prior to the adoption of the Kentucky Penal Code.

> The allegations made by the Commonwealth in this case, if believed, certainly form a basis upon which a jury could reasonably conclude that appellee had a *single continuous criminal intent and that each theft was part of a general larcenous scheme*, to wit, to issue or renew licenses, "pocket" the fee, and destroy all records of the transaction, all for the *single criminal purpose of embezzlement.* (Emphasis supplied.)

812 S.W.2d at 159.

In this case, Smith's conduct supports the same finding of a single continuous criminal intent as that in *Caudill*. This is the type of conduct that the legislature intended to prevent. Moreover, as the Commonwealth has pointed out, Smith could have been indicted on multiple felony counts based on each weekly report submitted totaling $100.00 or more.

Smith's authorities in support of his argument that KRS 514.040 was designed to punish individual acts rather than a continuing course of conduct are distinguish-

---

**2.** KRS 505.020 provides, in pertinent part, that: "(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when: * * * (c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses." (An example of "c" listed in the official commentary is the intentional failure to provide child support.)

able. *Hennemeyer v. Commonwealth,* Ky., 580 S.W.2d 211 (1979), dealt with the wanton endangerment statute, KRS 508.-060. *Hensley v. Commonwealth,* Ky., 655 S.W.2d 471 (1983), involved thefts of cows from *four separate owners.* The statute under which the defendant was charged, KRS 514.110, was designed, according to the Supreme Court, to protect "an owner," and did not operate to prohibit a continuing course of conduct. The defendant, therefore, should have been charged with multiple counts. As noted in *Caudill, supra,* the rationale in *Weaver v. Commonwealth, supra,* has been adopted by a majority of jurisdictions. *See also* the annotation entitled "Series of Takings Over a Period of Time as Involving Single or Separate Larcenies" in 53 ALR3d 398 (1973).

As there was no error in aggregating the individual amounts to the level of a felony, we affirm the judgment.

All concur.