COMMONWEALTH of Kentucky,
Appellant,

v.

Danny LEWIS, Appellee.

Danny LEWIS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 94–SC–538–DG, 94–SC–817–DG.

Supreme Court of Kentucky.

May 11, 1995.

As Modified on Denial of Rehearing
Aug. 24, 1995.

Frank W. Heft, Jr., Chief Appellate Defender, Jefferson Dist. Public Defender, of counsel, Bruce P. Hackett, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for Danny Lewis.

Chris Gorman, Atty. Gen., Sharon Kay Hilborn, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for the Com.

SPAIN[1], Justice.

Danny Lewis was convicted by a jury in Jefferson Circuit Court of two felony counts of fraudulent use of a credit card and was sentenced by the Court to two consecutive five (5) year terms of imprisonment. On appeal to the Court of Appeals as a matter of right, it was held that only one of the two counts could be affirmed, supporting only a five-year sentence. We granted review and now reverse this holding of the Court of Appeals, affirming both the convictions and the ten-year sentence of the Jefferson Circuit Court.

On March 6, 1992, Danny Lewis and his co-defendants, George Cates and William Jones, went to a J.C. Penney store in St. Matthews with a stolen credit card. The credit card had been obtained by one or more of them from a residential burglary committed earlier that day. The card was used to buy three pairs of tennis shoes of a total cost exceeding one hundred dollars. They then went to the men's clothing department where they selected over five hundred dollars' worth of additional merchandise, which they also charged to the stolen credit card. The transactions aroused the suspicions of store personnel and the trio of thieves was subsequently apprehended in the mall parking lot, first by mall security officers, and later by the St. Matthews police.

The appellee, Danny Lewis, was indicted for burglary in the second degree, receiving stolen property valued at more than $100,

two counts of fraudulent use of a credit card, and for being a persistent felony offender in the second degree. The jury found Lewis guilty only of the two counts of fraudulent use of a credit card, acquitting him of the burglary and being unable to agree on the receiving stolen property charges. He and the prosecution then reached agreement on the sentence of two consecutive terms of imprisonment of five years each, and on dismissal of the PFO charge and the receiving stolen property charge. Lewis expressly reserved the right to appeal his conviction.

Prior to trial and again at the close of the evidence, Lewis argued that he could only be charged with one count of fraudulent use of a credit card, contending that KRS 434.650 and 434.690 consolidate all credit card transactions occurring in any six-month period into but one criminal offense. The trial judge, Hon. Earl O'Bannon, denied the motion and proceeded to instruct the jury on two counts of fraudulent use of a credit card. After determining that one count applied to the shoe department "purchase" and that the other count applied to the "purchase" of additional men's clothing, the jury found Lewis guilty of both counts. He appeals on this issue and on the basis of a challenge for cause of a juror by the Commonwealth which was sustained by the Court.

With regard to the two counts of using a credit card fraudulently, KRS 434.650(1)(a) and (d) provided as follows (before amendment of the statute effective July 14, 1992):

(1) A person who, with intent to defraud the issuer, a participating party, a person or organization providing money, goods, services or anything else of value, or any other person:

(a) Uses for the purpose of obtaining money, goods, services or anything else of value a credit or debit card obtained or retained in violation of KRS 434.570 to 434.650, or any of such sections, or a credit or debit card which he knows is forged, expired or revoked; or

(d) ... is guilty of a misdemeanor and is subject to the penalties set forth in subsec-

---

1. This opinion was originally prepared by Justice Spain prior to his retirement. Upon rehearing, the opinion was modified upon the Court's own motion.

tion (1) of KRS 434.730, if the value of all money, goods, services or other things of value obtained in violation of this section does not exceed one hundred dollars ($100) in any six-month period; and is guilty of a felony and is subject to the penalties set forth in subsection (2) of KRS 434.730, if such value exceeds one hundred dollars ($100) in any six-month period.

The penalties for violations of KRS 434.650 were again set out in KRS 434.690(1) as follows:

(1) A person who receives money, goods, services or anything else of value obtained in violation of KRS 434.650, knowing or believing that it was so obtained is guilty of a misdemeanor and is subject to the penalties set forth in subsection (1) of KRS 434.730, if the value of all money, goods, services and other things of value received in violation of this section does not exceed one hundred dollars ($100) in any six-month period; and is guilty of a felony and is subject to the penalties set forth in subsection (2) of KRS 434.730, if such value exceeds one hundred dollars ($100) in any six-month period.

Lewis argues, and the Court of Appeals held, that the trial court misconstrued these statutes, and that their true purpose was to prohibit and punish a course of conduct extending over a six-month period, rather than to prohibit and punish the individual criminal acts. We disagree. KRS 505.020 states:

(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other, as defined in subsection (2); or

(b) Inconsistent findings of fact are required to establish the commission of the offenses; or

(c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

In deciding whether "the offense is designed to prohibit a course of conduct" or rather, to prohibit and punish individual criminal acts, we turn to the statutory elements of the offense. Here KRS 434.650(1)(a) defines the proscribed conduct in the case under consideration as knowingly using a stolen credit card for the purpose of obtaining goods of value, thus defrauding J.C. Penney Co. The section prohibits *each* use of the card. Subsection (1)(d) and KRS 434.690 are only relevant to determine the appropriate penalties for each such offense, they do *not* contain the elements of the offense. In actuality, here they only serve to enhance the punishment, by authorizing acts which are *per se* misdemeanors to be punished as a felony or felonies, once the perpetrator commits enough such acts in a given period of time to justify charging him with the more serious classification. Clearly, nothing in either statute was intended to limit the number of felonies which could be charged for acts that qualify on their face, regardless of the period of time considered. The trial judge correctly observed that, if this were not so, there would be nothing to prevent a thief from buying ten cars in a six-month period with credit cards and still be liable for only one felony charge. This would be an absurd result if the statute were so construed. The defense attempts to rebut this argument by suggesting that such a result could be avoided by the prosecutor's charging the offenses as thefts by deception rather than as fraudulent use of a credit card. It is conceded by the defense that under KRS 514.040 defining the offense of theft by deception, there would be no bar to charging multiple felonies, citing *Smith v. Commonwealth*, Ky.App., 818 S.W.2d 620, 621 (1991), where it was held that a person could be charged with multiple felony counts based on each $100 theft.

This concession serves to underscore and emphasize just how strained the defense's interpretation of the statutes in question really is. Why would our General Assembly on the one hand authorize prosecution of multiple felony charges with regard to theft by deception and on the other hand seek to severely limit similar multiple felony charges

of theft by the fraudulent use of credit cards? We think they would not.

In our recent case of *Commonwealth v. Bass*, Ky., 777 S.W.2d 916 (1989), we held that the defendant was properly charged and convicted of multiple felony charges where he fraudulently certified and filed Medicaid claims where each was of an aggregate amount of $100 or more. There, as here, the defense insisted that the statute defining the offense in question was designed to prohibit a single continuing course of conduct rather than separate offenses. We hold that both the statute and applicable case law permit separate prosecutions, citing KRS 505.020 and *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We said that we had earlier described KRS 505.020 as a codification of *Blockburger* which "... case sets out that the test is whether individual acts are prohibited or the course of action and conduct which they constitute." We concluded in *Bass* at p. 918:

> We cannot find that the legislature intended the same punishment for one fraudulent claim of $100 as it did for 1,600 such claims amounting to $160,000. *See also Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

Lewis' remaining claim of error in the Court of Appeals and now before this Court, concerns the trial court's ruling sustaining a challenge for cause of a juror by the Commonwealth. The Court of Appeals found no error and we agree. During *voir dire*, the prosecutor inquired whether any juror had ever been arrested for anything other than a minor traffic violation. One of the jurors approached the bench and stated that he had been arrested twenty to thirty years ago on a drug charge but that he had been "set up" by a particular police officer. The prosecutor asked if the juror thought that the incident might influence his opinion regarding a police officer's testimony now. The juror replied that it was possible, depending on the officer. Following another question or two, the juror returned to his seat, whereupon the Commonwealth moved to strike the juror for cause. Defense counsel commented that if she had known that the prosecutor was going to challenge the juror for cause she would have asked some questions. The Court said that the matter would be discussed later. Subsequently, after all *voir dire* was completed the Court gave the jurors a fifteen-minute recess while peremptory challenges were being considered. The Commonwealth renewed its motion to excuse the above-mentioned juror for cause. After hearing arguments of the defense, the trial court sustained the challenge.

A determination as to whether to exclude a juror for cause lies within the sound discretion of the trial court, and unless the action of the trial court is an abuse of discretion or is clearly erroneous, an appellate court will not reverse the trial court's determination. *Simmons v. Commonwealth*, Ky., 746 S.W.2d 393, 396 (1988); *Caldwell v. Commonwealth*, Ky., 634 S.W.2d 405 407 (1982); *Hicks v. Commonwealth*, Ky.App., 805 S.W.2d 144, 147 (1990). Deference must be paid to the trial judge who sees and hears the juror. *Wainwright v. Witt*, 469 U.S. 412, 425–26, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985). A party must show prejudice to obtain reversal. *Hicks v. Commonwealth*, Ky. App., 805 S.W.2d 144 at 147.

Examination of jurors by counsel is a privilege, not a right. *Simmons v. Commonwealth*, Ky., 746 S.W.2d 393 at 396. *See* Kentucky Rule of Criminal Procedure (RCr) 9.38. This court will not reverse on this specific ground unless there is an abuse of discretion. *Simmons v. Commonwealth*, Ky., 746 S.W.2d 393 at 396. Even where jurors disclaim any bias and state that they can give a defendant a fair trial, conditions may be such that their experience would probably subconsciously affect their decision. *Marsch v. Commonwealth*, Ky., 743 S.W.2d 830, 834 (1987); *Hicks v. Commonwealth*, Ky.App., 805 S.W.2d 144 at 147.

Like the Court of Appeals, we find no error in the actions of the trial judge. It was not an abuse of discretion to excuse this juror for cause.

In view of all of the above, we reverse the decision of the Court of Appeals regarding the conviction and sentence of Lewis for two

counts of fraudulent use of a credit card and affirm the judgment of the Jefferson Circuit Court thereon. Similarly, we affirm the trial court with regard to the claimed error in excusing a juror for cause, thereby affirming the holding of the Court of Appeals as to said issue.

STEPHENS, C.J., LAMBERT and WINTERSHEIMER, JJ., concur in this opinion by SPAIN, J.

REYNOLDS, J., dissents by separate opinion in which STUMBO, J., and D. SCOTT FURKIN, Special Justice, join.

LEIBSON, J., not sitting.

REYNOLDS, Justice, dissenting.

Respectfully, I dissent.

The language of KRS 434.650 and KRS 434.690 consolidates all fraudulent credit card transactions which occur during a six-month period into one offense by prohibiting and punishing the course of conduct over that six-month period. Whether a series of acts constitutes an offense or a series of offenses depends upon whether the evidence discloses one general intent or separate intents. *People v. Camillo,* 198 Cal.App.3d 981, 244 Cal.Rptr. 286 (1988); *see also State v. Gonsalves,* 476 A.2d 108 (R.I.1984); *State of Hawaii v. Daly,* 4 Haw.App. 52, 659 P.2d 83 (1983); *People v. Tarlton,* 91 Ill.2d 1, 61 Ill.Dec. 513, 434 N.E.2d 1110 (1982).

Courts must follow a statute where the statute's language is clear and unambiguous. *See Lydic v. Lydic,* Ky.App., 664 S.W.2d 941 (1983). Moreover, any doubts in the construction of a penal statute should be resolved in favor of lenity and will be against turning a single transaction into multiple offenses. *Boulder v. Commonwealth,* Ky., 610 S.W.2d 615 (1980) (overruled on other grounds in *Dale v. Commonwealth,* Ky., 715 S.W.2d 227 [1986]).

The trial court incorrectly interpreted the applicable statutes and Lewis was wrongfully convicted of two felony counts of fraudulently using a credit card, as he should have been indicted and convicted of only one count. The legislature provided, by statute, that if the value of all dollars or goods received exceeds $100 in any six-month period, a person is guilty of a Class D felony.

*Commonwealth v. Bass,* Ky., 777 S.W.2d 916 (1989), is distinguishable as the statute at issue therein did not aggregate the amounts of items or dollars received over a specified period of time to constitute one felony.

The absolute language of KRS 434.650 and KRS 434.690, whether intended or not by the drafters, affords an absurd result (and we agree with the majority in this respect). However, it appears that the concept of "intention" proves to be awkward for both literary and legal minds. Asking what did the legislature really mean is analogous to asking what did Shakespeare really mean. I would state that the Court, at this time, lacks the evidence for answering such questions satisfactorily and certainly the mere asking is an invitation to irrelevance. *See* Gibson, *Literary Minds and Judicial Style,* 41 N.Y.U.L.Rev. 915, 920–21 (1961).

I would affirm the Court of Appeals in reversing the trial court as to the second count of fraudulent use of a credit card and would remand this matter to the trial court with directions to set aside the second count of fraudulent use of a credit card and for a modification of Lewis's sentence.

STUMBO, J., and D. SCOTT FURKIN, Special Justice, join in this dissent.