WALLACE, Judge.
John Allen Neal appeals his judgment and sentences for fraudulent use of a credit card, a violation of section 817.61, Florida Statutes (2009), and for the violation of the conditions of pretrial release, a violation of section 741.29(6), Florida Statutes (2009). Because Neal’s prior conviction in Sarasota County barred his conviction in Charlotte County for the fraudulent use of the same credit card within the same six-month period, we reverse his judgment and sentence for fraudulent use of a credit card. We also reverse Neal’s judgment and sentence for violation of the conditions of pretrial release.[1]
I. THE FACTS AND THE PROCEDURAL BACKGROUND
During the four-day period from July 9 to July 12, 2009, Neal — without authorization — used the same credit card belonging to the victim seven times in Sarasota County and nine times in Charlotte County. On September 1, 2009, the State Attorney for the Twelfth Judicial Circuit filed an information in the Sarasota County Circuit Court charging Neal with one count of fraudulent use of the credit card more than two times within a six-month period or obtaining money, goods, services, or anything else of value in the amount of $100 or more, a third-degree felony. See §§ 817.61, 67(2). On October 8, 2009, Neal entered a plea of nolo contendere to the Sarasota County charge. The Sarasota circuit court adjudged him to be guilty and sentenced him to time served in the county jail, to be followed by a period of twelve months on probation.
On June 3, 2010, the State Attorney for the Twentieth Judicial Circuit filed an information in the Charlotte County Circuit Court charging Neal with one count of fraudulent use of the same credit card in Charlotte County more than two times within a six-month period or obtaining money, goods, services, or anything of value in the amount of $100 or more, a third-degree felony. See §§ 817.61, 67(2). A jury found Neal guilty on the Charlotte County charge. After the verdict, Neal filed a motion to arrest the judgment or, in the alternative, for a new trial. Neal argued that his conviction in Charlotte County violated principles of double jeopardy because he had already been convicted of the same offense in Sarasota County. The circuit court denied Neal’s motion, adjudged him to be guilty, and sentenced him as a habitual offender to a term of ten years in the state prison. This appeal followed.
On appeal, Neal argues that principles of double jeopardy bar his conviction in Charlotte County for fraudulent use of a credit card because he was previously convicted in Sarasota County for the identical offense. Neal also makes several other arguments. Our disposition of the double jeopardy issue renders Neal’s other arguments moot. Before addressing Neal’s double jeopardy argument, we first examine section 817.61, the statute under which Neal was convicted in both counties.
II. THE STATUTE
Section 817.61, the statute under which the State chose to prosecute Neal in both Sarasota County and in Charlotte County, provides as follows:
*1247 A person who, with intent to defraud the issuer or a person or organization providing money, goods, services, or anything else of value or any other person, uses, for the purpose of obtaining money, goods, services, or anything else of value, a credit card obtained or retained in violation of this part or a credit card which he or she knows is forged, or who obtains money, goods, services, or anything else of value by representing, without the consent of the cardholder, that he or she is the holder of a specified card or by representing that he or she is the holder of a card and such card has not in fact been issued violates this section. A person who, in any 6-month period, uses a credit card in violation of this section two or fewer times, or obtains money, goods, services, or anything else in violation of this section the value of which is less than $100, is subject to the penalties set forth in s. 817.67(1). A person who, in any 6-month period, uses a credit card in violation of this section more than two times, or obtains money, goods, services, or anything else in violation of this section the value of which is $100 or more, is subject to the penalties set forth in s. 817.67(2).
(Emphasis added.) Under section 817.67, a violation for which subsection (1) is applicable constitutes a misdemeanor of the first degree; a violation for which subsection (2) applies is a felony of the third degree.
The penalty provisions in the last two sentences of section 817.61 pose the problem of statutory construction presented by this case: determining the allowable unit of prosecution. Neal argues that the legislative intent is to punish fraudulent, multiple uses of one credit card occurring within a six-month period as either a single misdemeanor or a single felony. According to Neal, whether the violation is a misdemeanor or a felony depends on the number of times the card is used within the applicable six-month period or the value of the money, goods, services, or anything else of value obtained within the six-month period. In response, the State contends that each use of the credit card in the prohibited manner constitutes a separate violation of the statute. According to the State, the portion of section 817.61 concerning the use of the credit card within a six-month period relates only to the degree of the offense, not to the allowable unit of prosecution.
Section 817.61 appears in Part II of chapter 817 of the Florida Statutes. Part II of chapter 817 is known as the 1967 “State Credit Card Crime Act” (the SCCCA). § 817.57. The legislation appears at chapter 67-340, sections 1-18, pages 1081-87, Laws of Florida. The legislature based the SCCCA on a model act known as the “State Credit Card Crime Act” (the Model Act). Jack B. Weinstein & Tom J. Farer, State Credit Card Crime Act (American Express Co.1967); Jerry G. South, Legal Steps and Pitfalls in Bank Credit Cards, 87 Banking L.J. 222, 234 (Mar.1970). The authors of the Model Act were professors at the Columbia Law School. They drafted the Model Act in late 1966 at the request of the American Express Company. South, supra, at 234. Florida adopted its version of the Model Act — including section 817.61 — the following year. Several other jurisdictions have adopted versions of the Model Act that include a provision similar to section 817.61, including its six-month feature. See, e.g., Ariz.Rev.Stat. Ann. §§ 13-2101 to -2107 (1969); CaLPenal Code §§ 484d-i (West 1967); Haw.Rev.Stat. §§ 708-8100, 708-8101 to -8104, 708-8106 (1986); Ky. Rev.Stat. Ann. §§ 434.550-650, 660-670, 680, 690 (West 1970); N.M. Stat. Ann. §§ 30-16-25 to -38 (West 1971); V.I.Code *1248 Ann. tit. 14 §§ 3001-8004, 3005-3016 (1972).
Section 817.61 is based on section 4 of the Model Act. However, section 817.61 differs from section 4 of the Model Act in two significant respects. First, the Florida Legislature added a provision in section 817.61 that raises the level of the severity of the offense if the credit card is used more than two times within a six-month period. Under section 4 of the Model Act, the level of the severity of the offense is based only on the amount of value obtained within a six-month period, not the number of times the credit card is used. Second, under section 4 of the Model Act, the threshold of the value obtained within a six-month period sufficient to raise the severity of the offense is set at $500. In section 817.61, the Florida Legislature set the threshold of the value obtained within a six-month period sufficient to raise the severity of the offense substantially lower at $100.
III. DISCUSSION
Section 817.61 is atypical compared to other Florida criminal statutes in that it attaches important consequences to the number of violations of the statute or the amount of value obtained within a designated period of time, i.e., six months. The issue raised by Neal arises from the Model Act’s attachment of significant consequences to events occurring within a six-month period as modified and incorporated into section 817.61. The parties have not cited us to any similar Florida criminal statute.
The only reported opinion in Florida that addresses this issue is a special concurring opinion written by Chief Judge Anstead of the Fourth District, later Chief Justice of the Supreme Court of Florida, in Williams v. State, 451 So.2d 1047, 1047 (Fla. 4th DCA 1984) (Anstead, C.J., specially concurring). In the Williams case, the defendant had fraudulently used a credit card to make four purchases in one day. Id. at 1048. The total amount of the purchases exceeded $100. Id. Under these circumstances, Chief Judge Anstead concluded that the State could not prosecute the defendant for more than one felony under section 817.61. Id.
In several other jurisdictions that have adopted versions of the Model Act, appellate courts have issued opinions ruling on the issue posed by this appeal. Taking Chief Judge Anstead’s special concurring opinion into account, courts from at least six jurisdictions have addressed this issue. The judges on these courts have expressed widely divergent views on the interpretation of their local statutes that are based on the Model Act. Some judges view each unauthorized use of the credit card as a separate offense. Commonwealth v. Lewis, 903 S.W.2d 524, 525-26 (Ky.1995) (four-member majority); State v. Salazar, 98 N.M. 70, 644 P.2d 1059, 1060 (N.M.Ct.App.1982). Other judges conclude that all unauthorized uses of the credit card within a six-month period constitute a single offense. Williams, 451 So.2d at 1048; State v. Daly, 4 Haw.App. 52, 659 P.2d 83, 85-86 (1983); State v. Boyenger, 95 Idaho 396, 509 P.2d 1317, 1323 (1973), overruled on other grounds by State v. Curtis, 130 Idaho 522, 944 P.2d 119, 122 n. 2 (1997); Lewis, 903 S.W.2d at 528 (three-member minority). The Third Circuit, construing a Virgin Islands statute similar to section 817.61, adopted a hybrid approach to interpreting the statutory scheme. Gov’t of the V.I. v. Graves, 593 F.2d 223, 228-29 (3d Cir.1979). The Third Circuit authorizes separate convictions for each use of the credit card within the same six-month period. However, the Third Circuit precludes the imposition of more than the maximum penalty for one offense regard *1249 less of how many times the offender uses the credit card within the six-month period. Id.[2]
Based on our review of Chief Judge Anstead’s concurring opinion in Williams and the cases from the other jurisdictions cited above, we believe that one can make persuasive arguments on both sides of the issue before us. However, we conclude that the unusual structure of section 817.61 requires the consolidation of all unauthorized uses of the same credit card within a six-month period into a single offense. Of course, the legislature could amend the statute to make each unauthorized use of a credit card within the six-month period a separate offense.[3] However, if the legislative intent was to make each unauthorized use of a single credit card within the same six-month period a separate offense, the current version of the statute does not accomplish this goal.
The notes appended to the Model Act by its authors support the view that all uses of the credit card within the relevant six-month period constitute a single offense. In their notes to section 4 of the Model Act, the basis for section 817.61, the authors state, in pertinent part, as follows:
Throughout this statute an attempt has been made to penalize more heavily the professional criminal. Here and in section 5 this distinction is expressed in terms of the quantity of goods and services obtained within a six-month period. It is, without doubt, a very rough rule of thumb; but it is consistent with the traditional manner of distinguishing the petty from the serious crime. Adequate discretion is granted the sentencing judge to meet the particular punishment needs of any defendant, see section 10, infra.[4]
Weinstein & Farer, State Credit Card Crime Act, 35-86. This comment suggests that the authors of the Model Act intended that multiple uses of the same credit card within a six-month period would be aggregated rather than treated as separate offenses. Aggregating the offenses within the relevant six-month period is sufficient to serve the authors’ stated goal of identifying the professional criminal and singling him or her out for harsher punishment than the petty criminal.
We also note that the interpretation of section 817.61 making all uses of the credit card within the relevant six-month period a single offense is substantially the same approach that the State pursued at the trial court level. Neal used the credit card in question seven times in Sarasota County and nine times in Charlotte County during the period from July 9 to July 12, 2009. Nevertheless, the State Attorney for the Twelfth Judicial Circuit only charged him with one offense in Sarasota County. Likewise, the State Attorney for the Twentieth Judicial Circuit only charged him with one offense in Charlotte County. If — as the State now contends on appeal— each use of the card was a separate offense, then why did each state attorney not *1250 charge Neal with a separate offense for each time he used the card in their respective jurisdictions instead of charging him with only one offense? The individual charging decisions made by each of the two state attorneys are more in line with Neal’s position than with the State’s appellate argument.
Finally, we note that insofar as the parties’ briefs reflect and as our independent research reveals, there are five reported appellate opinions from other jurisdictions that address the issue before us. Twenty-one judges were involved in these opinions. Of these twenty-one judges, fourteen judges have expressed the view that the applicable local statute based on the Model Act authorizes only one conviction — or, at the very most, a penalty limited to the maximum for one offense — for all unauthorized uses of a single credit card within a six-month period. Seven judges have decided that each unauthorized use of the credit card is a separate offense.
Of course, we do not decide legal issues based on the majority vote of appellate judges from other jurisdictions. But the split of considered judicial opinion on the interpretation of substantially similar statutory provisions based on the Model Act convinces us that section 817.61 is subject to at least two interpretations, both of which are reasonable. Under these circumstances, the rule of lenity requires that we interpret the statute most favorably to the accused. § 775.021(1), Fla. Stat. (2009); State v. Chubbuck, 88 So.3d 918, 922 (Fla. 4th DCA 2012).
IV. CONCLUSION
For these reasons, we hold that Neal’s conviction in Charlotte County for the fraudulent use of the credit card in question within the same six-month period violates his right not to be prosecuted and punished twice for the same offense. U.S. Const. amend. V; art. I, § 9, Fla. Const.; North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (recognizing that the guarantee against double jeopardy protects the accused against a second prosecution for the same offense after conviction); Rodriguez v. State, 875 So.2d 642, 644 (Fla. 2d DCA 2004) (same). Accordingly, we reverse Neal’s judgment and sentence for the fraudulent use of a credit card. We also reverse Neal’s judgment and sentence for violation of the conditions of pretrial release.
Reversed.
KELLY, J., Concurs.
CRENSHAW, J., Concurs in result only.

. We agree with Neal that the circuit court improperly adjudged him guilty and sentenced him for violating the conditions of pretrial release. The State has properly conceded error on this point. Accordingly, this issue does not warrant further discussion.

. In 2001, the Third Circuit reaffirmed its construction of the applicable statutory design in Government of the Virgin Islands v. Walker, 261 F.3d 370, 373-74 (3d Cir.2001).

. Notably, in 2006, the Hawaii Legislature amended its statute to provide that "[f]or purposes of this section, each separate use of a credit card that exceeds $300 constitutes a separate offense.” 2006 Haw. Sess. Laws 230, § 44.

. Section 10 of the Model Act provides that a person found guilty of the lesser offense shall be fined not more than $1000 or imprisoned for not more than one year, or both. A person found guilty of the greater offense shall be fined not more than $3000 or imprisoned for not more than three years, or both.