**Reginald L. GRIDER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2012–SC–000454–MR.**

Supreme Court of Kentucky.

May 23, 2013.

Rehearing Denied Aug. 29, 2013.

Daniel T. Goyette, Executive Director/Chief Louisville Metro Public Defender, James David Niehaus, Deputy Appellate Louisville Metro Public Defender, Counsel for Appellant.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

In December of 2011, Appellant, Reginald L. Grider, was indicted for the robbery and murder of Caesaro Gomez in Jefferson County, Kentucky. Appellant maintains that he, along with Crystal Gordon and Damon Phelps, went to Gomez's apartment with the intention of obtaining Gordon's personal property. He claims that when they arrived at Gomez's apartment, an altercation quickly ensued. Appellant claims that he raised his pistol towards Gomez and unintentionally fired one round. As a result, Gomez was shot and later died.

During the trial, however, both Gordon and Phelps testified that Appellant conjured up the idea of robbing Gomez at his apartment. Gordon testified that Appellant hid behind her while she knocked on Gomez's door. When Gomez answered, Appellant reached over Gordon's shoulder and shot Gomez. According to their testimony, no altercation occurred. Afterwards, Appellant took money from Gomez's pockets.

Appellant was sixteen years old when he committed the crimes and was tried as a youthful offender. A Jefferson Circuit Court jury found Appellant guilty of murder, first-degree robbery, and intimidating a participant in the legal process. Appellant was sentenced to life imprisonment. Appellant now appeals his conviction and sentence as a matter of right pursuant to Ky. Const. § 110(2)(b).

### Jury Selection

Appellant argues that the trial court erred in failing to strike Juror 624855. This particular juror was an Assistant Jefferson County Attorney who worked in the Real Estate and Tax Division. The juror stated that, while he occasionally prosecuted criminal cases in the past, he had not been involved in any criminal matters within the four years prior to Appellant's trial date.

Whether to strike a potential juror for cause is within the trial court's discretion. *E.g., Commonwealth v. Lewis,* 903 S.W.2d 524, 527 (Ky.1995). We will not disturb the trial court's determination absent a clear abuse of discretion. *Id.* "Under RCr 9.36(1), a juror shall be excused for cause '[w]hen there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence[.]'" *Fugett v. Commonwealth,* 250 S.W.3d 604, 612 (Ky.2008). The court must consider the totality of the circumstances and "not [ ] a response to any one question." *Id.* at 613.

■ Absent any evidence of actual bias, the sole fact that this juror is an Assistant County Attorney is not sufficient ground to sustain a motion to strike for cause. At the time of Appellant's trial, the juror practiced exclusively in civil cases and was unacquainted with the Commonwealth's prosecuting attorneys. In fact, Appellant's counsel conceded that there was nothing the juror stated which led him to believe the juror was partial to the Commonwealth's case. The trial judge correctly noted that "at no time did [the juror] indicate that his position would cause him to be biased one way or the other." Consequently, we do not believe the trial court abused its discretion in denying Appellant's motion to strike for cause.

### Validity of RCr 9.40

Appellant urges this Court to overturn his conviction by finding that RCr 9.40, the rule prescribing the number of peremptory challenges in a criminal case, exceeds the authority granted to this Court in Section 116 of the Kentucky Constitution. Appellant also implores us to declare KRS 29A.290(2)(b), which grants this Court authority to promulgate RCr 9.40, unconstitutional. Specifically, Appellant believes KRS 29A.290(2)(b) violates the separation of powers doctrine. *See* Ky. Const. § 27, 28. Notably, Appellant does not argue that the trial court improperly allotted the correct number of peremptory challenges. For the reasons set forth below, Appellant's argument is unpreserved for our review.

■ KRS 418.075(1) states that "[i]n any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard[.]" We have found the notification requirement of KRS 418.075(1) to be mandatory. *Adventist*

*Health Systems/Sunbelt Health Care Corp. v. Trude*, 880 S.W.2d 539, 542 (Ky.1994) (overruled on other grounds by *Sisters of Charity Health Systems, Inc. v. Raikes*, 984 S.W.2d 464 (Ky.1998)). Raising a constitutional issue for the first time on appeal is insufficient. *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky.2008) ("[W]e reject any contention that merely filing an appellate brief, which necessarily occurs post-judgment, satisfies the clear requirements of KRS 418.075."). Due to Appellant's failure to comply with the requirements of KRS 418.075(1), we will not address these constitutional issues.

### Sentencing

For the murder of Caesaro Gomez, the jury was instructed that it could impose a sentence of twenty to fifty years imprisonment, life imprisonment, or, upon the finding of aggravating circumstances, life without the possibility of parole for twenty-five years ("LWOP 25"). The jury ultimately chose to sentence Appellant to life imprisonment instead of the harsher penalty of LWOP 25. Nonetheless, Appellant now maintains that the jury was impermissibly instructed that a sentence of LWOP 25 could be imposed. Appellant believes that if the jury was instructed that straight life imprisonment was the harshest punishment available, they may have been inclined to sentence Appellant to a lighter sentence.

■ Appellant is not arguing that LWOP 25 is an unconstitutional sentence as applied to juveniles. Instead, Appellant is arguing that there is no procedure upon which a jury can find the existence of aggravating circumstances now that it is no longer constitutionally permissible to sentence a juvenile to death. *See Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Appellant failed to raise this issue during his trial. There-

fore, we are at a loss as to what sentencing procedure Appellant suggests be used in this case. Nonetheless, we have stated that "sentencing issues may be raised for the first time on appeal." *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007). These include issues with equivocal resolutions.

KRS 532.025(1)(b) requires, in all death penalty cases, that the trial court conduct a presentencing hearing in front of the jury, after which point the jury is instructed on the applicable aggravating circumstances and the permissible range of punishment. As stated, Appellant was not eligible for the death penalty, nor was the jury instructed on it. Appellant, however, contends that presentencing hearings, whereby aggravated circumstances are presented to the jury, are only appropriate "where the death penalty may be imposed." Therefore, since the death penalty may not be imposed on a juvenile, Appellant argues that the trial court had no procedure by which to find, present, and instruct the jury on aggravating factors. We disagree.

While the language of KRS 532.025 suggests that subsection (*l*)(b) hearings only apply to cases in which the death penalty is sought, nothing in the statute as a whole prevents a jury from determining the existence of aggravating circumstances. Indeed, 532.025(3) specifically provides for the following procedure when sentencing an offender to LWOP 25:

> The instructions as determined by the trial judge to be warranted by the evidence or as required by KRS 532.030(4) shall be given in charge and in writing to the jury for its deliberation. The jury, if its verdict be a recommendation of death, or imprisonment for life without benefit of probation or parole, or *imprisonment for life without benefit of probation or parole until the defendant has served a minimum of twenty-five (25) years* of his sentence, shall designate in writing, signed by the foreman of the jury, the aggravating circumstance or circumstances which it found beyond a reasonable doubt....

(Emphasis added).

■ In line with this statute, the trial court instructed the jury as to the aggravating circumstance after the jury found Appellant guilty of first-degree robbery. The instruction stated in part:

> In fixing a sentence for the defendant, Reginald Grider, for the offense of the Murder of Cesareo [sic] Gomez, you shall consider the following aggravating circumstance which you may believe from the evidence beyond a reasonable doubt to be true: The defendant committed the offense of Murder while engaged in the commission of Robbery in the First Degree.

Thusly, we believe the trial court satisfied the requirements of KRS 532.025(3).

Furthermore, a logical and rational interpretation of the applicable statutes undermines Appellant's position. KRS 640.040(1) clearly states: "A youthful offender convicted of a capital offense regardless of age may be sentenced to a term of imprisonment appropriate for one who has committed a Class A felony and may be sentenced to *life without benefit of parole for twenty-five (25) years.*" (Emphasis added). LWOP 25 is not authorized by the Class A felony designation. KRS 532.020(d). The legislature is obviously directing that, although a juvenile cannot be sentenced to death, he or she may still be subject to the lesser penalty of LWOP 25. Otherwise, the juvenile is left to be sentenced under the sentencing procedure of a non-death penalty or Class A felony case. That proceeding does not require the jury to find, beyond a reasonable doubt, the existence of at least one of

the aggravators listed in KRS 532.025. The reasoning that an adult cannot be sentenced to LWOP 25 without proving the existence of at least one aggravator, but a juvenile can, defies common sense and runs afoul of our penal philosophy in the prosecution, punishment, and treatment of persons of juvenile age.

In summation, we find nothing in KRS 532.025 which prevents the jury from hearing evidence of aggravating circumstances, nor does the statute prevent the jury from being instructed on the aggravating factors and the range of statutory penalties. Consequently, we do not find that KRS 532.025 bars the jury from sentencing juveniles to LWOP 25.

### Conclusion

For the forgoing reasons, the Jefferson Circuit Court's judgment and sentence is hereby affirmed.

All sitting. All concur.